FILED

2017 Feb-08  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

---

| | |
|---|---|
| BALKRISHNA SETTY, individually and as general partner of Shrinivas Sugandhalaya Partnership with Nagraj Setty, and SHRINIVAS SUGANDHALAYA (BNG) LLP,<br><br>    Plaintiffs,<br><br>v.<br><br>SHRINIVAS SUGANDHALAYA LLP and R. EXPO (USA), INC.,<br><br>    Defendants. | **Case No. 2:16-CV-02013-JHE** |

---

## R. EXPO (USA) LTD., INC.'S ANSWER AND DEFENSES

Defendant R. Expo (USA) LTD., Inc. ("R. Expo") hereby answers the Complaint filed by Balkrishna Setty ("Balkrishna") and Shrinivas Sugandhalaya (BNG) LLP ("Shrinivas BNG") (*see* Doc. 1), responding paragraph-by-paragraph and utilizing the headings of the Complaint for the sake of clarity (though not adopting them). Any allegations not specifically admitted are denied:

### NATURE OF ACTION

1.      Paragraph 1 contains Plaintiff's characterization of the Complaint, to which no response is required. To the extent a response is deemed required, Defendant R. Expo denies.

2.     Paragraph 2 contains Plaintiff's characterization of the Complaint, to which no response is required. To the extent a response is deemed required, Defendant R. Expo denies.

3.     Paragraph 3 contains Plaintiff's characterization of the Complaint, to which no response is required. To the extent a response is deemed required, Defendant R. Expo denies.

4.     Paragraph 4 contains Plaintiff's characterization of the Complaint, to which no response is required. To the extent a response is deemed required, Defendant R. Expo denies.

5.     Paragraph 5 contains Plaintiff's characterization of the Complaint and/or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant R. Expo denies.

## THE PARTIES

6.     Paragraph 6 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the same.

7.     Paragraph 7 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies the same.

8.      Paragraph 8 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo admits, upon information and belief, that Shrinivas Sugandhalaya LLP ("Shrivinas LLP") is a foreign limited liability partnership having a place of business at E-105, Ansa Industrial Estate, Saki Vihar Road, Sakinaka, Mumbai, Maharashtra, India 400072. R. Expo otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9.      R. Expo admits that it is incorporated in Washington as R. Expo (USA) LTD. Inc., and that it does some business as R. Expo (USA), Inc. R. Expo has its place of business at 2703 West Valley Highway North, Auburn, Washington 98001.

## JURISDICTION AND VENUE

10.      Paragraph 10 is a conclusion of law, requiring no response from R. Expo.

11.      Paragraph 11 is a conclusion of law, requiring no response from R. Expo.

12.      R. Expo denies having committed any wrongdoing within this judicial district or elsewhere, including having committed any of the tortious acts of which

the Plaintiffs complain. R. Expo admits to distributing some of the products that form the basis of this action to Golden Temple Natural Grocery and Cafe, 1901 11th Ave S., Birmingham, Alabama 35205 and to Golden Temple, 3301 Lorna Road No. 4, Hoover, Alabama 35216. R. Expo further admits that it operates an interactive website, and admits that consumers can purchase incense products from that website – although R. Expo notes that products are in wholesale packaging and are generally marketed to wholesale customers, not end-use consumers. To the extent Paragraph 12 contains any conclusions of law or any other allegations requiring R. Expo's response, R. Expo denies the same.

13.     Paragraph 13 is a conclusion of law, requiring no response from R. Expo. To the degree that a response is required, R. Expo denies the allegations of Paragraph 13.

## FACTUAL BACKGROUND

14.     Paragraph 14 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15.     Paragraph 15 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

16.     Paragraph 16 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17.     Paragraph 17 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.  R. Expo states, however, that to the extent R. Expo purchased goods from the Partnership and resold same in the United States in packaging which stated "Manufactured by Shinivas Sugandhalaya" and "Exclusively Produced for R. EXPO (USA) Inc.", any such use was attributable to the import and distribution of such goods by R. Expo.

18.     Paragraph 18 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Paragraph 19 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     Paragraph 20 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

21.     Paragraph 21 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves, and R. Expo denies that Paragraph 21 provides the drawing of the mark as submitted to the US Trademark Office. The rendering provided by Plaintiff in Paragraph 21 provides **only a portion** of the drawing submitted. A full and complete copy of the "Drawing" as submitted on October 19, 2012, additionally clearly states that the RAIN FOREST incense was "Exclusively Produced for: R. EXPO (USA) INC." and includes particulars for R. Expo, including the email for R Expo: rexpo@comcast.net.



To the extent a further response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22.    R. Expo denies that incense goods have been promoted by the Partnership within the United States bearing the brand names BLESSINGS, SANDALWOOD, SUNRISE, PATCHOULI FOREST, MIDNIGHT, CELESTIAL, ROMANCE, JASMINE BLOSSOM, and FORTUNE. R. Expo otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

**Mr. Nagraj Setty's Acknowledgment That Shrinivas Sugandhalaya Partnership Possesses Rights in the Packaging of the Parnternship[1]**

23.     Paragraph 23 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

24.     Paragraph 24 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

25.     Paragraph 25 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

26.     Paragraph 26 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

---

[1] R. Expo again notes that it uses the headings contained in the Complaint purely for the convenience of the Court. R. Expo does not adopt, however, any allegations or characterizations contained in the Complaint, and expressly denies the same.

knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

27.    Paragraph 27 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

28.    Paragraph 28 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

29.    Paragraph 29 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

30.    Paragraph 30 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

31.     Paragraph 31 contains no allegations against R. Expo, and thus no response is required. R. Expo notes, however, that it already owns U.S. Reg. No. 3,405,140 for the applied for mark, PATCHOULI FOREST, as applied to incense containing patchouli oil, in International Class 3.  To the extent a further response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

32.     Paragraph 32 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

33.     Paragraph 33 contains no allegations against R. Expo, and thus no response is required. R. Expo notes, however, that it already owns U.S. Reg. No. 3,398,272 for the applied for mark, MIDNIGHT, as applied to incense in International Class 3. To the extent a further response is required, R. Expo lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

34.    Paragraph 34 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

35.    Paragraph 35 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

36.    Paragraph 36 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

37.    Paragraph 37 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

38.    Paragraph 38 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

39.    Paragraph 39 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

40.    Paragraph 40 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

41.    Paragraph 41 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

42.     Paragraph 42 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

43.     Paragraph 43 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

44.     Paragraph 44 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

45.     Paragraph 45 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

46.    Paragraph 46 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo denies Paragraph 46.

47.    Paragraph 47 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies the same. Further, R. Expo believes the U.S. Patent and Trademark Office's records can speak for themselves.

48.    Denied.

**Transfer of Incense Manufacturing from Shrinivas Sugandhalaya Partnership to Plaintiff Blakrishna Setty and Mr. Nagraj Setty[2]**

49.    Paragraph 49 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the same.

50.    R. Expo admits that it received, promoted, offered for sale, distributed, and sold certain products from Shrinivas Sugandhalaya Partnership

---

[2] *See supra*, n. 1.

(the "Partnership") until about December of 2014. All other characterizations and allegations in Paragraph 50 are denied.

51.    Paragraph 51 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies the same.

52.    Paragraph 52 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies the same.

53.    Paragraph 53 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies the same.

54.    Paragraph 54 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies the same.

55.    Paragraph 55 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies the same.

56.     Paragraph 56 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies the same.

57.     Paragraph 57 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies the same.

58.     Paragraph 58 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo admits, on information and belief, that Shrinivas LLP and Shrinivas BNG are competitors. R. Expo otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies the same.

59.     Paragraph 59 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies the same.

**Distribution of Plaintiffs' and Defendant's**
**Respective Incense Products Within the United States[3]**

60.    Paragraph 60 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies the same.

61.    Paragraph 61 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies the same.

62.    Paragraph 62 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies the same.

63.    R. Expo admits that it distributes, offers for sale, sells, and promotes certain incense products throughout the United States (including within this judicial district) which R. Expo imports from Shrinivas LLP. All other allegations or characterizations contained within Paragraph 63 are denied.

64.    R. Expo admits that is offers certain incense products for sale at www.rexpo.com that are marked "SHRINIVAS SUGANDHALAYA LLP"

---

[3] *See supra*, n. 1.

(previously simply "SHRINIVAS SUGANDHALAYA"). R. Expo admits that United State consumers, including consumers in the State of Alabama, could purchase one or more of these products and cause them to be shipped to their relevant address. R. Expo denies all other allegations or characterizations contained within Paragraph 64.

65.   Admitted, except to the degree that Paragraph 65 characterizes the named incense products as "Defendant's Incense Products." R. Expo lacks sufficient information to admit or deny this characterization, and therefore denies the same.

66.   Admitted, except to any degree that Paragraph 66 asserts that the trade dress for the Oriental Series incense products is owned by anyone other than R. Expo, which allegations and characterizations are denied.

67.   Paragraph 67 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies the same.

68.   Admitted.

69.   R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies the same.

70.     Paragraph 70 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo admits, on information and belief, that Shrinivas LLP and Shrinivas BNG are competitors. R. Expo otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies the same.

## DEFENDANTS' WRONGFUL ACTS

### Defendants' Distribution of Incense Products Within the United States Bearing Platiniff Shrinivas Sugandhalaya (BNG) LLP'S Address[4]

71.     Admitted.

72.     R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies the same.

73.     R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies the same.

74.     Paragraph 74 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies the same.

75.     R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies the same.

---

[4] *See supra*, n. 1.

76.     R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies the same.

77.     R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies the same.

78.     Admitted, except that R. Expo notes that it sells this incense product in multiple size boxes, and Plaintiffs only picture one of those sizes.

79.     R. Expo admits that the pictured incense product shows the address of the old Shrinivas Sugandhalaya Partnership. R. Expo lacks sufficient information to admit or deny whether this is also the address of Shrinivas BNG, and therefore denies the same.

80.     Denied.

81.     R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies the same.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies the same.

87.     Denied.

88.    Denied.

89.    Denied.

90.    Denied.

### Defendants' Bait and Switch Scheme[5]

91.    Paragraph 91 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies the same.

92.    Paragraph 92 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies the same.

93.    R. Expo admits that it advertises, offers for sale, and sells certain Oriental Series incense products on its website at www.rexpo.com. R. Expo denies that the packaging displayed is not its own packaging. R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in Paragraph 93, and therefore denies the same.

94.    Some of the packaging the Oriental Series of Incense Products Displayed on R. Expo's website may show the address of the old Shrinivas

---

[5] *See supra*, n. 1.

Sugandhalaya Partnership, which R. Expo previously imported from and some of whose inventory R. Expo still sells. As this inventory is sold over time, R. Expo will update its website to demonstrate that its new supplier is Shrinivas Sugandhalaya LLP.  All other allegations or characterizations in Paragraph 94 are denied.

95.    Denied.

96.    R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies the same.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies the same.

102.    Denied.

103.    R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies the same.

104.    Denied.

105.    Denied.

106.    Denied.

**Defendants' Interference With Plaintiff Shrinivas Sugandhalaya (BNG)
LLP's Business and Contractual Relationships[6]**

107.   Denied.

108.   R. Expo admits that it has sent such letters. R. Expo denies any and all characterization that it did not have a lawful right and reason to do so, however.

109.   Denied.

110.   Denied.

111.   R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111, and therefore denies the same.

112.   R. Expo admits that Mr. Raj K. Mathur sent such a letter to Mr. Ian Snow. R. Expo denies any and all characterization that it did not have a lawful right and reason to do so, however, or any other allegations or characterizations in Paragraph 112.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

---

[6] *See supra*, n. 1.

## Misappropriation of the SHRINIVAS SUGANDHALAYA mark and Fraudulent Procurement of the United States Trademark Registrations[7]

117.   Paragraph 117 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies the same. Further, R. Expo believes that the U.S. Patent and Trademark Office's records can speak for themselves.

118.   Paragraph 118 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies the same. Further, R. Expo believes that the U.S. Patent and Trademark Office's records can speak for themselves.

119.   Paragraph 119 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies the same. Further, R. Expo believes that the U.S. Patent and Trademark Office's records can speak for themselves.

120.   Paragraph 120 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in

---

[7] *See supra*, n. 1.

Paragraph 120, and therefore denies the same. Further, R. Expo believes that the U.S. Patent and Trademark Office's records can speak for themselves.

121.   Paragraph 121 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies the same.

122.   Paragraph 122 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies the same.

123.   Paragraph 123 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies the same.

124.   Paragraph 124 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies the same.

125.   Paragraph 125 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies the same.

126.   Paragraph 126 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies the same.

127.   Paragraph 127 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies the same.

128.   Paragraph 128 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies the same.

129.   Paragraph 129 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies the same.

130.   Paragraph 130 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 130, and therefore denies the same.

131.   Paragraph 131 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131, and therefore denies the same.

132.   Paragraph 132 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 132, and therefore denies the same.

133.   Paragraph 133 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies the same.

## COUNT I

## UNFAIR COMPETITION, FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING DESCRIPTIONS AND REPRESENTATIONS[8]

134.   Denied or admitted, as set out in each previous paragraph.

135.   Denied.

136.   Denied.

---

[8] *See supra*, n. 1.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied

## COUNT II

## FRAUDULENT PROCUMENT OF FEDERAL TRADEMARK REGISTRATIONS IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1120[9]

144.   Denied or admitted, as set out in each previous paragraph.

145.   Paragraph 145 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145, and therefore denies the same. Further, R. Expo believes that United States Patent and Trademark Office records can speak for themselves.

146.   Paragraph 146 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

---

[9] *Id.*

knowledge or information to form a belief as to the truth of the allegations in Paragraph 146, and therefore denies the same.

147.   Paragraph 147 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies the same.

148.   Paragraph 148 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148, and therefore denies the same.

149.   Paragraph 149 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 149, and therefore denies the same.

150.   Paragraph 150 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150, and therefore denies the same.

151.   Paragraph 151 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 151, and therefore denies the same.

152.   Paragraph 152 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152, and therefore denies the same.

153.   Paragraph 153 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies the same.

154.   Paragraph 154 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154, and therefore denies the same.

155.   Paragraph 155 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155, and therefore denies the same.

156.   Paragraph 156 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 156, and therefore denies the same.

## COUNT III

## CANCELLATION OF TRADEMARK REGISTRATION UNDER 15 U.S.C. § 1119[10]

157.   Denied or admitted, as set out in each previous paragraph.

158.   Paragraph 158 contains Plaintiffs' characterization of the Complaint, to which no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158, and therefore denies the same.

159.   Paragraph 159 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159, and therefore denies the same.

160.   Paragraph 160 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 160, and therefore denies the same.

161.   Paragraph 161 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient

---

[10] *See supra*, n. 1.

knowledge or information to form a belief as to the truth of the allegations in Paragraph 161, and therefore denies the same.

162.   Paragraph 162 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162, and therefore denies the same.

163.   Paragraph 163 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163, and therefore denies the same.

164.   Paragraph 164 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164, and therefore denies the same.

## COUNT IV

## TORTIOUS INTERFERENCE[11]

165.   Denied or admitted, as set out in each previous paragraph.

166.   Denied.

167.   Denied.

---

[11] *See supra*, n. 1.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

## COUNT V

## DECLARATION OF NON-TRADE DRESS INFRINGEMENT[12]

176.   Denied or admitted, as set out in each previous paragraph.

177.   R. Expo admits that it alleges it owns trade dress rights in the product packaging for the Oriental Series Incense Products. It cannot speak for Shrinivas LLP, and therefore denies all other allegations or characterizations in Paragraph 177.

178.   Admitted.

179.   Adnitted.

180.   Admitted.

---

[12] *Id.*

181.   Paragraph 181 contains no allegations against R. Expo, and thus no response is required. To the extent a response is required, R. Expo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 181, and therefore denies the same.

182.   Denied.

183.   Denied.

184.   Denied.

## COUNT VI

## UNFAIR COMPETION[13]

185.   Denied or admitted, as set out in each previous paragraph.

186.   Denied.

## PRAYER FOR RELIEF[14]

**UNLESS EXPRESSLY ADMITTED IN ONE OF THE FOREGOING PARAGRAPHS, ALL MATERIAL ALLEGATIONS OF THE COMPLAINT ARE DENIED.**

**R. EXPO FURTHER DENIES THAT PLAINTIFFS ARE ENTITLED TO ANY OF THE RELIEF REQUESTED, OR ANY RELIEF WHATSOEVER.**

## <u>DEFENSES</u>

1.   Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

---

[13] *See supra*, n. 1.

[14] *Id.*

2.     Plaintiffs' claims against R. Expo are barred by the doctrines of standing, waiver, release, estoppel, consent, ratification, acquiescence, consent, setoff, recoupment, res judicata, unclean hands, and/or laches.

3.     Plaintiffs' claims are barred against R. Expo because R. Expo owns distinctive trade dress rights in all products that make up the basis of Plaintiffs' claims.

4.     Plaintiffs' tortious interference claims fail because of the competitor's privilege and/or because R. Expo was not a stranger to any of the relationships with which Plaintiffs' claim R. Expo interfered.

5.     Plaintiffs' claims fail because all products sold, marketed, or otherwise used in commerce by R. Expo showing the address "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" are from inventory R. Expo imported from the Partnership, which used that address, and which R. Expo therefore has full legal rights to display in connection with the marketing, distribution, and sale of that inventory.

6.     To the extent Plaintiffs' claims are subject to binding, mandatory arbitration, R. Expo does not waive and, in fact, expressly reserves the right to compel arbitration.

7.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

8.     Any violation of the federal or state law was not intentional.

9.     Any violation of federal or state law resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

10.    Any injury suffered by Plaintiffs' is the result of a third-party's conduct, not reasonably traceable to R. Expo.

11.    R. Expo was at all times acting in reasonable reliance upon the warranties of third-parties.

12.    R. Expo pleads all other affirmative defenses available to it under the state or federal law.

13.    Any recovery is barred, or must be reduced, as a proximate result of Plaintiffs' failure to mitigate any alleged damages.

14.    Any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs or resulted from their own inattention, which equaled or exceeded any alleged wrongdoing by R. Expo.

15.    Some or all of Plaintiffs' claims against R. Expo are barred because Plaintiffs suffered no loss as a result of the actions of R. Expo.

16.    Any recovery by Plaintiffs is barred because, at all times relevant hereto, R. Expo acted in conformity with applicable laws and regulations, acted in good faith and did not directly or indirectly induce the acts that Plaintiffs contends

damaged them in this case. No act or acts taken by R. Expo, which may form a basis for Plaintiffs' claims as set forth in the Complaint, were taken with malice or willfulness.

17.    Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes, or the acts or omissions of third-parties over whom R. Expo had neither control nor responsibility.

18.    Any recovery is barred or limited by the various provisions of any documents related to the importation, marketing, distribution, and/or sale of the incense products made the basis of the Complaint.

19.    Plaintiffs' claims against R. Expo are barred because they have failed to do basic equity.

20.    Plaintiffs' Complaint fails to state a claim upon which punitive damages, treble damages, and/or attorneys' fees may be awarded. Accordingly, any claims for punitive damages, treble damages, and/or attorneys' fees contained in the Complaint are due to be dismissed.

21.    Any award of punitive damages, treble damages, and/or attorneys' fees to Plaintiffs in this action would violate the Constitutional safeguards provided to R. Expo under the Constitution of the State of Alabama.

22.    Any award of punitive damages, treble damages, and/or attorneys' fees to Plaintiffs in this action would violate the Constitutional safeguards provided to R. Expo under the Constitution of the United States of America.

23.    Any award of punitive damages, treble damages, and/or attorneys' fees to Plaintiffs in this case would violate the Constitutional safeguards provided to R. Expo under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America, in that the determination of punitive damages, treble damages, and/or attorneys' fees under Alabama law is vague, is not based upon any objective standards, and is not rationally related to any legitimate governmental interest.

24.    Any award of punitive damages and/or treble damages to Plaintiffs in this case would violate the Constitutional safeguards provided to R. Expo under the Due Process clause of the Fourteenth Amendment to the Constitution of the United States of America, in that the determination of punitive damages and/or treble damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages allegedly suffered or awarded to Plaintiff.

25.    Any award of punitive damages and/or treble damages to Plaintiffs in this case would violate the procedural safeguards provided to R. Expo under the Sixth Amendment of the Constitution of the United States of America, in that

punitive damages and/or treble damages are penal in nature and, consequently, R. Expo is entitled to the same procedural safeguards accorded to those accused of crimes.

26.     Plaintiffs' claim for punitive damages and/or treble damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

      **a.** It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America to impose punitive damages and/or treble damages, which are penal in nature, against a civil defendant upon the claimant satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

      **b.** The procedures pursuant to which punitive damages and/or treble damages are awarded fail to provide a reasonable limit on the amount of the award, which violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America.

      **c.** The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages and/or treble damages which thereby violates the Due Process

Clause of the Fourteenth Amendment of the Constitution of the United States of America.

**d.** The procedures pursuant to which punitive damages and/or treble damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America;

**e.** The procedures pursuant to which punitive damages and/or treble damages are awarded permit the imposition of punitive damages and/or treble damages in excess of the maximum criminal fine for the same or similar conduct, which thereby violates the Due Process clause of the Fifth and Fourteenth Amendment of the Constitution of the United States of America;

**f.** Any punitive damages claimed by Plaintiffs violate the Excess Fine Clause of the Eighth Amendment to the United States Constitution; and

**g.** Allowing a jury to impose punitive damages against Defendant by using its own subjective judgment in setting the range of permissible punishments for each offense violates the Separation of Powers doctrine embodied by Article I, Section 1, Article II, Section 1, and Article III,

Section 1 of the Constitution of the United States and the Constitution of the State of Alabama.

27.     An award of punitive damages and/or attorneys' fees and/or treble damages to Plaintiffs in this action would constitute a deprivation of property of R. Expo without Due Process of law required under the Fifth and Fourteenth Amendment of the Constitution of the United States of America.

28.     R. Expo fully incorporates all defenses arising from the facts and claims asserted in its Counterclaim and Third Party Complaint, filed contemporaneously with this Answer and Defenses, as if fully set forth herein.

29.     R. Expo reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

Respectfully submitted on February 8, 2017.

*/s/ Michael P. Taunton*
**Michael P. Taunton**


**OF COUNSEL:**

Marcus R. Chatterton
E-mail: mchatterton@balch.com
Michael P. Taunton
E-mail: mtaunton@balch.com
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

Brian G. Bodine, *pro hac vice* pending
E-mail: bodineb@lanepowell.com
Adriane M. Scola, *pro hac vice* pending
E-mail: scolaa@lanepowell.com
LANE POWELL PC
1420 5th Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
*Attorneys for Defendant*
*R. Expo (USA) LTD., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of February, 2017, I have served a copy

of the foregoing via U.S. mail and/or the Court's CM/ECF system to the following:

Scott S. Brown
E-mail: scottbrown@maynardcooper.com
C. Brandon Browning
E-mail: bbrowning@maynardcooper.com
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205-254-1000
Facsimile: 205-254-1999
*Attorneys for Plaintiffs Balkrishna Setty,*
*individually and as general partner of*
*Shrinivas Sugandhalaya Partnership with*
*Nagraj Setty, and*
*Shrinivas Sugandhalaya (BNG) LLP*

Shrinivas Sugandhalaya LLP
E-105, Ansa Industrial Estate
Saki Vihar Road, Sakinaka
Mumbai, Maharashtra 400 072
INDIA

*/s/ Michael P. Taunton*
OF COUNSEL