HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BALKRISHNA SETTY, individually and as general partner of Shrinivas Sugandhalaya Partnership with Nagraj Setty, and SHRIVINAS SUGANDHALAYA (BNG) LLP

Plaintiffs,

v.

SHRINIVAS SUGANDHALAYA LLP and R. EXPO (USA), INC.,

Defendants.

Case No. 2:17-cv-01146-RAJ

ORDER

This matter comes before the Court on Defendant Shrinivas Sugandhalaya's ("SS Mumbai") motion to dismiss or stay in favor of arbitration. Dkt. # 59. Plaintiffs oppose the motion. Dkt. # 65. Defendant R. Expo (USA), Inc. ("R. Expo") does not oppose arbitration but requests severance if the Court decides to grant SS LLP's motion. Dkt. # 64. For the reasons that follow, the Court **DENIES** Defendant's motion.

**I. BACKGROUND**

Mr. K.N. Satyam Setty formed an incense manufacturing and distribution partnership in India. Dkt. # 1 (Complaint) at ¶ 16. Mr. Setty's sons, Balkrishna and Nagraj Setty, continued the partnership after their father passed. *Id.* The sons signed a

ORDER - 1

Partnership Deed agreeing to manufacture the incense and split the profits equally. Dkt. # 60-1. The Partnership Deed included an arbitration clause, stating:

> All disputes of any type whatsoever in respect of the partnership arising between the partners either during the continuance of this partnership or after the determination thereof shall be decided by arbitration as per the provision of the Indian Arbitration Act, 1940 or any statutory modification thereof for the time being in force.

*Id*.

In 2014, the sons started their own companies, irrespective of the Partnership, and "control of the manufacturing of incense products was effectively transferred from the Partnership to its partners," Balkrishna and Nagraj Setty. Dkt. # 1 (Complaint) at ¶ 51. Mr. Balkrishna Setty's company is Shrinivas Sugandhalaya (BNG) LLP ("SS Bangalore"), located in Bangalore. *Id.* at ¶¶ 52, 53. Mr. Nagraj Setty's company is Shrinivas Sugandhalaya LLP ("SS Mumbai"), located in Mumbai. *Id.* at ¶¶ 54, 55. Mr. Balkrishna Setty claims that he and his brother are now competitors rather than partners. *Id.* at ¶ 58.

Plaintiffs claim that SS Mumbai misrepresented where it manufactured its incense—by putting Bangalore on the packaging rather than Mumbai—in an effort to confuse customers about the quality of the product. *Id.* at ¶¶ 85, 86. Plaintiffs also accuse SS Mumbai of interfering in Plaintiffs' business by sending cease and desist letters that claim SS Bangalore is infringing on Defendants' trade dress rights. *Id.* at ¶ 108. Plaintiffs further claim that SS Mumbai fraudulently obtained trademark registrations for the mark and design of its incense. *Id.* at ¶ 122.

SS Mumbai is now before the Court seeking dismissal or stay in proceedings because it claims that Plaintiffs must bring their claims in arbitration—pursuant to the Partnership Deed—and not in this forum. Dkt. # 59.

## II. LEGAL STANDARD

Because the Federal Arbitration Act ("FAA") requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits court involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotations omitted). The party opposing arbitration bears the burden of showing that the agreement is not enforceable. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000); *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 483 (1989).

Regarding the first prong, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (citing *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Generally, the contractual right to compel arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Id*.

Regarding the second prong, "[t]he scope of an arbitration agreement is governed by federal substantive law." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). If a contract contains an arbitration clause, there is a presumption that the dispute is arbitrable. *AT & T Techs., Inc. v. Comm'ns Workers of America*, 475 U.S. 643, 650 (1986). In that case, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula*, 175 F.3d at 719.

## III. DISCUSSION

A nonsignatory may compel a signatory to arbitrate under certain circumstances, such as when the nonsignatory was a third-party beneficiary to the arbitration agreement or when an alternative estoppel theory dictates. *Lucas v. Hertz Corp.*, 875 F.Supp.2d 991, 1000-1001 (N.D. Cal. 2012).

Only one party in this lawsuit was a signatory to the Partnership Deed—Mr. Balkrishna Setty. SS Mumbai was not a signatory to the Partnership Deed, nor was it a third-party beneficiary as it did not exist until several years after the Setty brothers signed the Partnership Deed. Nonetheless, SS Mumbai argues that Plaintiffs' claims are dependent on rights allegedly derived from the Partnership Deed. Dkt. ## 59 at 11, 67 at 3. As such, SS Mumbai argues that equitable estoppel results in Plaintiffs' need to arbitrate this dispute.

Under theories of equitable estoppel, a nonsignatory may compel arbitration: "(1) when the signatory's claims against a nonsignatory arise out of the underlying contract; and (2) when the nonsignatory's conduct is intertwined with a signatory's conduct." *Lucas*, 875 F.Supp.2d at 1002; *see also Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847 (9th Cir. 2013) ("Where other circuits have granted motions to compel arbitration on behalf of non-signatory defendants against signatory plaintiffs, it was 'essential in all of these cases that the subject matter of the dispute was intertwined with the contract providing for arbitration.'") (citations omitted); *Kramer*, 705 F.3d at 1128 ("'Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'") (quoting *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006)).

Neither theory of equitable estoppel applies here. The Partnership Deed did not assign intellectual property rights, and therefore there is nothing for the Court to interpret in the Partnership Deed with regard to those claims. Dkt. # 60-1. Moreover, the conduct

alleged in the Complaint is not intertwined with the Partnership Deed such that the claims arise out of the underlying contract. Instead, the conduct relates to how the new entities—SS Bangalore and SS Mumbai—manufacture and advertise their products, compete with each other, and whether SS Mumbai properly registered its trademarks. Dkt. # 1 (Complaint). This conduct is divorced from the underlying Partnership Deed, which set out to define the manufacturing relationship and financial divisions between the two brothers while they remained partners. Dkt. # 60-1.

To utilize the second theory of equitable estoppel, SS Mumbai would need to show that its conduct is interdependent with the conduct of a signatory. *Hawkins v. KPMG LLP*, 423 F.Supp.2d 1038, 1051 (N.D. Cal. 2006). SS Mumbai's conduct is not intertwined with that of a signatory to the Partnership Deed. Indeed, the Complaint makes allegations against two nonsignatories. Dkt. # 1 (Complaint). The purpose of compelling arbitration when a nonsignatory defendant's conduct is intertwined with a signatory defendant's conduct is to ensure that the signatory has the benefit of the arbitration agreement. *Id.* at 1050. Neither SS Mumbai nor R. Expo are signatories to the Partnership Deed; the concern that a signatory may be denied the benefit of an arbitration agreement is not present here.

**IV.  CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's motion. Dkt. # 59.

Dated this 21st day of June, 2018.

The Honorable Richard A. Jones
United States District Judge