The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, individually and as general partner in Shrinivas Sugandhalaya Partnership with Mr. Nagraj Setty; and SHRINIVAS SUGANDHALAYA (BNG) LLP,<br><br>　　Plaintiffs,<br><br>　　-vs.-<br><br>SHRINIVAS SUGANDHALAYA LLP and R EXPO (USA) INC.,<br><br>　　Defendants. | No. C17-01146RAJ<br><br>**PLAINTIFF BALKRISHNA SETTY'S AND SHRINIVAS SUGANDHALAYA (BNG) LLP'S OPPOSITION TO DEFENDANT SHRINIVAS SUGANDHALAYA LLP'S MOTION TO STAY PENDING APPEAL**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 10, 2018** |
| R. EXPO (USA) LTD., INC.,<br><br>　　Counter-Plaintiff,<br><br>　　-vs.-<br><br>BALKRISHNA SETTY, individually and as general partner in Shrinivas Sugandhalaya Partnership with Mr. Nagraj Setty; SHRINIVAS SUGANDHALAYA (BNG) LLP and DESIGNS BY DEE KAY, INC.,<br><br>　　Counter-Defendants. | |

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 1
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

# INTRODUCTION

The issue before the Court is whether Defendant Shrinivas Sugandhalaya LLP ("SS Mumbai") can stay this entire case while it appeals this Court's interlocutory order, which held that SS Mumbai could not rely on equitable estoppel principles to enforce an arbitration provision in a Deed of Partnership ("Partnership Deed") that it did not sign. Since the Ninth Circuit has "<u>never previously allowed</u> a non-signatory defendant to invoke equitable estoppel against a signatory plaintiff," SS Mumbai's appeal is highly unlikely to succeed and hardly presents any "serious legal questions" for the Ninth Circuit to consider. *Rajagopalan v. NoteWorld, L.L.C.*, 718 F.3d 844, 847 (9th Cir. 2013) (emphasis added). SS Mumbai also will not suffer irreparable harm if the Court allows this case to proceed. Discovery will help the parties address the merits of this dispute irrespective of the forum, and the remote possibility that SS Mumbai will have incurred unnecessary costs through continued litigation in this forum is not enough to justify a stay. On the other hand, Plaintiffs Mr. Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP ("SS Bangalore") will be injured if this case is stayed. Mr. Balkrishna Setty and SS Bangalore have a substantial interest in pursuing their claims against Defendant R. Expo (USA) Inc.—claims that are indisputably not subject to arbitration—and the risk of lost evidence increases with each month that SS Mumbai delays this litigation. Finally, SS Mumbai's continued infringement will only cause additional irreparable harm to SS Bangalore's goodwill and business reputation.

SS Mumbai dramatically overstates the frequency with which courts stay a case pending appeal of an order denying a motion to compel arbitration. In fact, numerous courts in this Circuit have denied a motion to stay, particularly where, as here, discovery has not even started.[1]

---

[1] *See, e.g.*, *Munro v. Univ. of S. Cal.*, No. 16-6191, 2017 WL 5592904, at *5 (C.D. Cal. July 7, 2017); *Cesca Therapeutics v. Syngen, Inc.*, No. 2:14-CV-2085, 2017 WL 1174062, at *6 (E.D. Cal. Mar. 30, 2017); *Morse v. Servicemaster Global Holdings, Inc.*, No. C 10-00628, 2013 WL 123610, at *4 (N.D. Cal. Jan. 8, 2013); *Peck Ormsby Const. Co. v. City of Rigby*, No. Civ. 1:10-545, 2012 WL 914915, at *7 (D. Idaho Mar. 15, 2012); *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007).

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 2
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

As explained further below, the Court respectfully should allow the parties to proceed to discovery while SS Mumbai's meritless appeal is pending.

**ARGUMENT**

A stay pending appeal of an interlocutory order is "extraordinary relief" and should issue only in limited circumstances. *Secs. and Exchange Comm'n v. Aequitas Mgmt.*, No. 3:16-CV-438, 2017 WL 7789717, at *4 (D. Or. Dec. 11, 2017) (quoting *Winston-Salem/Forsyth Cnty. Bd. of Ed. v. Scott*, 404 U.S. 1221, 1231 (1971)). Otherwise, a defendant could "stall trial simply by bringing a frivolous motion to compel arbitration." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). As a result, SS Mumbai bears a "heavy burden" of showing that the circumstances of this case justify a stay. *Aequitas*, 2017 WL 7789717, at *4. Four factors are relevant: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). Courts in this Circuit "follow a 'sliding scale' approach so that a stronger showing on one element may offset a weaker showing on another." *Munro*, 2017 WL 5592904, at *2. Thus, SS Mumbai may meet its burden "by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001) (quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980)). As explained below, SS Mumbai cannot make either showing.

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 3
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101
PHONE (206) 447-4400  FAX (206) 447-9700

**I.     SS Mumbai's appeal is meritless and does not raise any serious legal questions.**

To satisfy the first factor, SS Mumbai "must show, at a minimum, that [it] has a substantial case for relief on the merits." *Munro*, 2017 WL 5592904, at *2 (quoting *Leiva-Perez*, 640 F.3d at 968). "This requires a party to show either (1) a 'strong likelihood of success on the merits' or (2) its 'appeal is a substantial case which 'raises serious legal questions, or has a reasonable probability or fair prospect of success." *Id.* (quoting *Cesca*, 2017 WL 1174062, at *2).

A.     <u>SS Mumbai cannot establish a likelihood of success on the merits.</u>

SS Mumbai's motion for a stay is nothing more than a regurgitation of the arguments it advanced in attempting to compel arbitration, which weighs against a likelihood of success on the merits.[2] SS Mumbai argues that, under Indian law, SS Mumbai can enforce an arbitration provision in an agreement it did not sign against SS Bangalore (also a non-signatory) and Mr. Balkrishna Setty (a signatory) because the Complaint references the agreement containing the arbitration provision. This Court held correctly, however, that "federal substantive law" governs the arbitrability of this dispute and that SS Mumbai could not enforce the arbitration provision because "there [was] nothing for the Court to interpret in the Partnership Deed" and "the conduct alleged in the Complaint is not intertwined with the Partnership Deed." (Dkt. #72 at 4–5.)

1.     *Federal common law determines the arbitrability of this dispute*.

SS Mumbai argues that Indian law governs whether SS Banglore's and Mr. Balkrishna Setty's claims are subject to arbitration because the arbitration provision in the Partnership Deed provides that disputes "shall be decided by arbitration as per the provision of the Indian Partnership Act." (Dkt. #60-1 at 7.) Aside from the fact that the Partnership Deed does not

---

[2] *See Munro*, 2017 WL 5592904, at *2 ("Further, if a party moving for a stay fails to present arguments different from those advanced in the party's motion to compel arbitration, courts have found this weights against likelihood of success on the merits."); *Cesca*, 2017 WL 1174062, at *3 ("Courts have found that the lack of new substantive arguments weights against likelihood of success on the merits.").

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 4
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

include a choice-of-law provision, SS Mumbai's argument puts the cart before the horse. SS Mumbai presupposes that it can enforce the arbitration provision as a nonsignatory. The initial inquiry, however, is not whether this dispute is "in respect of the Partnership" (it is not), but rather whether SS Mumbai can enforce the arbitration provision in the first place. In other words, "[t]he question here is not whether a particular issue is arbitrable, but whether a particular party is bound by the arbitration agreement." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006).

That question is governed by federal common law.[3] The application of federal common law is particularly appropriate here because this civil action is based on SS Mumbai's extensive U.S. activities, including sending cease and desist letters to SS Bangalore's U.S. distributors in which it asserted U.S. trademark and trade-dress rights and obtaining three federal trademark registrations with the United States Patent and Trademark Office. And as explained below, federal common law, which "looks to 'general principles for interpreting contracts,'" points to the inescapable conclusion that a nonsignatory such as SS Mumbai cannot compel arbitration of Mr. Balkrishna Setty's and SS Bangalore's claims. *Casa del Caffe*, 816 F.3d at 1211 (quoting *Certain Underwriters*, 500 F.3d at 577–78).

---

[3] At least four Circuits, including the Ninth Circuit, have held that federal common law determines the arbitrability of a dispute that, like this case, falls under the New York Convention. *See Casa del Caffe Vergnano S.P.A. v. ItalFlavors, L.L.C.*, 816 F.3d 1208, 1211 (9th Cir. 2016) ("Because this case arises under Chapter 2 of the Federal Arbitration Act, the issue of whether the Commercial Contract constituted a binding agreement is governed by federal common law."); *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 500 F.3d 571, 579 (7th Cir. 2007) (holding that federal common law applied to "interpreting an arbitration agreement that falls within the New York Convention" and that did not include a choice-of-law provision); *InterGen N.V. v. Grina*, 344 F.3d 134, 143–44 (1st Cir. 2003) (holding that "federal common law provides the benchmark" to determine arbitrability of disputes that fall within "the New York Convention"); *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 95 (2d Cir. 1999) ("When we exercise jurisdiction under Chapter Two of the FAA, we have compelling reason to apply federal law, which is already well-developed, to the question of whether an agreement to arbitrate is enforceable.").

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 5
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

2. *SS Mumbai cannot enforce the arbitration provision.*

There are two narrow circumstances under which a nonsignatory can compel arbitration of a signatory's claims against it: (1) "when a signatory must rely on the terms of the written agreement [containing the arbitration provision] in asserting its claims against the nonsignatory or the claims are 'intimately founded in and intertwined with' the underlying contract'" and (2) "when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and 'the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement.'" *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128–29 (9th Cir. 2013) (quoting *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 221 (2009)). In either circumstance, the claims at issue must be "intimately connected" with the underlying agreement containing the arbitration clause, and "merely <u>making reference</u> to [the] agreement with an arbitration clause is not enough." *Id.* at 1129 (quoting *Goldman*, 173 Cal. App. 4th at 218).

Here, SS Bangalore did not even sign the Partnership Deed, so its claims cannot arise from the Partnership Deed. SS Mumbai fails to explain how a non-signatory can compel arbitration of another non-signatory's claims. Mr. Balkrishna Setty's claims against SS Mumbai also are not "intimately connected" to the Partnership Deed. Mr. Balkrishna Setty's claims do not "rely on the terms" of the Partnership Deed. *Id.*. Nor does "[t]he resolution" of Mr. Balkrishna Setty's claims "require the examination of any provisions" of the Partnership Deed. *See Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1047 (9th Cir. 2009) (holding that a nonsignatory could not compel a signatory to arbitrate her claims because they were not "intertwined with the contract providing for arbitration."). Mr. Balkrishna Setty instead "has statutory claims [and common-law claims] that are separate from the contract itself." *Rajagopalan*, 718 F.3d at 848 (internal quotation marks omitted). To be sure, SS Mumbai may argue that the Court must examine the provisions in the Partnership Deed to analyze its defenses, but "[t]he emphasis of

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 6
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

the case law is unmistakably on the claim itself" and not on any alleged defenses or the relief sought. *Kramer*, 705 F.3d 1122.

SS Mumbai's argument that some of the rights at issue "stem from rights derived from the property of the [SS] Partnership" misses the point. (Dkt. #79 at 8.) To invoke equitable estoppel principles, SS Mumbai must show that the rights at issue stem from the <u>Partnership Deed,</u> not the SS Partnership generally. The intellectual property rights at issue do not arise from the Partnership Deed. Instead, as with any trademark or trade dress, the SS Partnership's and SS Bangalore's rights in the SHRINIVAS SUGANDHALAYA mark arise from <u>actual use</u> of the marks in the United States prior to the filing of SS Mumbai's trademark applications. Tellingly, SS Mumbai never explains <u>how</u> SS Bangalore's and Mr. Balkrishna Setty's claims "all require an adjudication of the respective rights of Balkrishna and Nagraj under the Deed of Partnership." (Dkt. #79 at 8.) All of the cases SS Mumbai cites in support of its position involved rights that arose from the <u>agreement containing the arbitration provision</u>, not the parties' general business relationship.[4]

B.     <u>SS Mumbai's appeal does not raise "serious legal questions."</u>

SS Mumbai also cannot show that its appeal raises any "serious legal questions," or that it has a "reasonable probability or fair prospect of success." *Munro*, 2017 WL 5592904, at *2 (quoting *Cesca*, 2017 WL 1174062, at *2). The Ninth Circuit has "<u>never previously allowed</u> a non-signatory defendant to invoke equitable estoppel against a signatory plaintiff," so SS Mumbai's appeal hardly presents any novel legal issues for the Ninth Circuit to consider. *Rajagopalan*, 718 F.3d at 847 (emphasis added). SS Mumbai's appeal instead presents the

---

[4] *See Amisil Holdings, Ltd. v. Clarium Capital Mgm't*, 622 F. Supp. 2d 825, 835 (N.D. Cal. 2007) (holding that a non-signatory could enforce an arbitration provision because the signatory's claims "are in fact related to specific terms of the Operating Agreement" that contained the arbitration clause); *Fujian Pacific Elec. Co., Ltd. v. Bechtel Power Corp.*, No. C 04-3126, 2004 WL 2645974, at *6 (N.D. Cal. Nov. 19, 2004) (holding that a non-signatory could enforce an arbitration provision because the signatory's claims "directly relate to the Construction Agreement and the Engineering Contract" that contained the arbitration clause).

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 7
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

straightforward question of whether a party can enforce an arbitration provision in an agreement it did not sign when the resolution of the claims do not require the examination of any provisions of the Agreement. As explained above, it is well settled that a nonsignatory cannot enforce an arbitration provision under those circumstances. Accordingly, SS Mumbai cannot show that it has a "substantial case for relief on the merits." *Munro*, 2017 WL 5592904, at *2.

## II. SS Mumbai will not suffer irreparable harm if the Court allows the parties to conduct discovery.

SS Mumbai offers two reasons why it would suffer irreparable harm, neither of which supports a stay. First, SS Mumbai argues that it will be involved in "an expensive litigation process" and "will incur significant costs" if the Court does not issue a stay. (Dkt. #79 at 11.) But "[f]inancial burden is not an irreparable harm."[5] *Munro*, 2017 WL 5592904, at *3. If it were, "then every interlocutory appeal of a denial to compel arbitration would automatically be stayed, a finding which is contrary to Ninth Circuit precedent." *Cesca*, 2017 WL 1174062, at *4 (citing *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411–12 (9th Cir. 1990)).

Second, SS Mumbai argues that it "will be subject to discovery rules," but discovery in this action will facilitate the resolution of this dispute. (Dkt. #79 at 11.) Even in the unlikely event that the Ninth Circuit later holds that SS Mumbai may enforce the arbitration provision in the Partnership Deed, "the parties will be better prepared to address the merits of their dispute because of the discovery that will have occurred while the appeal was pending." *Munro*, 2017 WL 5592904, at *3. SS Mumbai has not offered any valid reason why it would suffer irreparable harm.

---

[5] *Accord Cesca*, 2017 WL 1174062, at *4 (holding that defendants did not show that it would suffer irreparable harm because "Defendants' sole argument for irreparable harm is the loss of financial resources and time spent on discovery during the pendency of their appeal"); *Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013) ("[T]he money and time a party must expend in that process, while burdensome, does not alone constitute irreparable injury.").

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 8
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

### III. Issuing a stay will substantially injure SS Bangalore and Mr. Balkrishna Setty.

Staying this entire case will injure SS Bangalore and Mr. Balkrishna Setty in multiple ways. First, there is no justification for staying SS Bangalore's and Mr. Balkrishna Setty's claims against Defendant R. Expo (USA) Inc. ("R. Expo"). R. Expo has never argued that SS Bangalore's and Mr. Balkrishna Setty's claims against it are subject to arbitration. In fact, it has counterclaims pending against Mr. Balkrishna Setty and SS Bangalore in this forum. SS Bangalore's and Mr. Balkrishna Setty's claims against R. Expo will remain regardless of the outcome of SS Mumbai's appeal. SS Bangalore and Mr. Balkrishna Setty should be allowed to pursue those claims.

Second, further delay of this action "will be injurious to Plaintiff[s'] interests in preserving evidence." *Cesca*, 2017 WL 1174062, at *6. This civil action has already been pending for 18 months, and with each passing month, memories fade and important information is lost. *See Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) (holding that "the risk of lost evidence weighs against granting a stay" and "[t]his risk and the delay in litigation constitute a substantial injury to Plaintiff . . ..").

Third, SS Mumbai's continued infringement of Plaintiffs' intellectual property rights will cause additional irreparable harm to Plaintiffs' brand, goodwill, and business reputation. SS Mumbai has avoided the merits throughout this litigation, presumably because it has no justification for falsely designating the origin of its goods as SS Bangalore's facility. This factor weighs against a stay.

### IV. The public interest does not favor a stay.

SS Mumbai argues that the public has an interest in "promot[ing] arbitration" under the FAA, (Dkt. #79 at 12), but the federal policy favoring arbitration "presumes proof of a preexisting agreement to arbitrate disputes arising between the protagonists." *McCarthy v. Azure*,

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 9
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

22 F.3d 351, 355 (1st Cir. 1994). There is no such agreement here. Thus, there are no public interest considerations supporting a stay.

In fact, the public interest counsels toward allowing this case to proceed because SS Mumbai's activities are likely to confuse the public. Discovery will show that SS Mumbai falsely designates SS Bangalore's manufacturing facility as the origin of its products and, therefore, confuses the public into associating SS Mumbai's machine-made incense with SS Bangalore's higher quality handmade products. The Ninth Circuit has recognized "the public's interest in being free from consumer confusion about affiliation and endorsements. . . " *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013). If anything, the public interest weighs in favor of allowing this case to proceed.

## CONCLUSION

SS Mumbai's arguments in support of a stay are based on a mischaracterization of SS Bangalore's and Mr. Balkrishna Setty's claims and the remote possibility that it will incur unnecessary costs through continued litigation in this forum. The rights at issue simply do not stem from the Partnership Deed, so SS Mumbai cannot rely on equitable estoppel to enforce the arbitration provision in the Partnership Deed. And even in the unlikely scenario that the Ninth Circuit rules—for the first time—that a non-signatory may rely on equitable estoppel to enforce an arbitration provision, the parties' resources will not have been wasted because discovery will help the parties address the merits of this dispute. SS Mumbai has not met its heavy burden, and its request to stay this entire case respectfully should be denied.

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 10
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

1     Dated this 6th day of August, 2018

*s/ Ben Hodges*
Benjamin Hodges
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101-3299
Telephone: (206) 447-7269
Fax: (206) 749-1944
Email: joel.ard@foster.com
Email: madeline.hepler@foster.com


Scott S. Brown, *Pro Hac Vice*
C. Brandon Browning, *Pro Hac Vice*
Mark David Foley, Jr., *Pro Hac Vice*
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Birmingham, AL  35203
Telephone: (205) 254-1000
Fax: (205) 254-1999
Email: sbrown@maynardcooper.com
Email: bbrowning@maynardcooper.com
Email: mfoley@maynardcooper.com


Sasha G. Rao, *Pro Hac Vice*
Brandon Story, *Pro Hac Vice*
MAYNARD COOPER & GALE LLP
Transamerica Pyramid Center
600 Montgomery Street, Suite 2600
San Francisco, CA  94111
Telephone: (415) 704-7433
Email: srao@maynardcooper.com
Email: bstroy@maynardcooper.com

*Attorneys for Plaintiffs/Counter-Defendants*

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 11
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101
PHONE (206) 447-4400  FAX (206) 447-9700

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Ben Hodges*
Benjamin Hodges

PLAINTIFFS' OPPOSITION TO MOTION TO STAY PENDING APPEAL - 12
Case No. C17-01146RAJ

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700