Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, individually and as general partner of Shrinivas Sugandhalaya Partnership with Nagraj Setty, and SHRIVINAS SUGANDHALAYA (BNG) LLP<br><br>Plaintiffs,<br><br>v.<br><br>SHRINIVAS SUGANDHALAYA LLP and R. EXPO (USA), INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-01146-RAJ<br><br>DEFENDANT SHRINIVAS SUGANDHALAYA LLP'S REPLY IN SUPPORT OF MOTION TO STAY PENDING APPEAL<br><br>RE-NOTED ON MOTION CALENDAR: AUGUST 10, 2018<br><br>ORAL ARGUMENT REQUESTED |

Plaintiff Balkrishna Setty is suing "as general partner in the Shrivinas Sugandhalaya Partnership with Nagraj Setty." Both Balkrishna and his company Shrinivas Sugandhalaya (BNG) LLP ("BNG LLP") claim that when defendant Shrinivas Sugandhalaya LLP ("SS LLP") applied for and defended its trademark registrations, it did so "in violation of the Partnership Deed . . .." Dkt. No. 1, at ¶¶124-125, 129. Plaintiffs claim that the "Partnership's inability to obtain a federal trademark application protecting its SHRINIVAS SUGANDHALAYA mark" somehow damaged them. Dkt. No. 1, at ¶¶154-155. Plaintiffs request that this Court "enter a

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY- 1
(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

judgment that the SHRINIVAS SUGANDHALAYA mark is . . . owned exclusively by the Partnership" and that this Court "declare that Plaintiffs are authorized by the Partnership to use the SHRINIVAS SUGANDHALAYA mark," such that Plaintiffs' use does not infringe any rights of defendant Shrinivas Sugandhalaya LLP ("SS LLP").  Dkt. No. 1, at 70, 74.

The Deed of Partnership defines the parties as Nagraj and Balkrishna, along with their "heirs, executors, administrators and assign."  Dkt. No. 60-1, at 2.  BNG LLP claims to be such an "assign" via Balkrishna Setty (Dkt. No. 1, ¶¶51-52, 183) and admits that SS LLP is a similar such "assign" via Nagraj Setty.[1]  Dkt. No. 1, ¶54.  Thus, both plaintiff BNG LLP and defendant SS LLP are "parties" to the Deed of Partnership, according to plaintiffs' own admissions.  This is congruent with the arbitration clause, which is governed by the "Indian Arbitration Act, 1940 or any statutory modification thereof for the time being in force."  Dkt. No. 60-1, at 7.  The most recent modifications to that Act extend the right to arbitration to any "party to the arbitration agreement or any person claiming through or under him."  Dkt. No. 60-5, at 3; *accord Chloro Controls India (P), Ltd. v. Servern Trent Water Purification, Inc.*, (2013) 1 SCC 641, ¶167 (Dkt. No. 68-1).

Whether plaintiffs' claims must be arbitrated will now be decided by the Ninth Circuit. The only issue before this court is whether the proceedings should be stayed while SS LLP briefs and argues the "legitimate, substantial questions" (perhaps even novel questions) raised by the plaintiffs' attempts to claim Partnership rights while avoiding their arbitration obligations. *Rajagopalan v. Noteworld, LLC*, No. C11-5574 BHS, 2012 WL 2115482, at *2 (W.D. Wa. June 11, 2012).  SSI LLP will suffer irreparable injury if it must litigate while trying to preserve its right to arbitrate.  *Rajagopalan*, 2012 WL 2115482, at *3.  A stay will not substantially injure other parties here and the public interest generally supports a stay, as further explained below.

---

[1] The plaintiffs state the Partnership has never assigned its trademark rights to "any third party . . .."  Dkt. No. 1, ¶48.  To enforce the Partnership's alleged trademark rights, BNG LLP necessarily assumes that it is a "party" to the Partnership as defined by the Deed of Partnership, not a third party (i.e., non-party).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY- 2
(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

A. **SS LLP'S APPEAL WILL PRESENT SUBSTANTIAL LEGAL QUESTIONS, AND ARBITRABILITY IS INTERTWINED WITH THE MERITS.**

"In the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms . . .." *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1619 (2018). Plaintiffs' claims all depend upon, and indeed ask for a declaration regarding, their alleged rights arising under the Deed of Partnership. Plaintiffs admit that SS LLP also asserts rights derived from the Partnership. Dkt. No. 1, ¶54. BNG LLP and SS LLP are "assigns" of their respective owners (brothers Balkrisha and Nagraj Setty respectively), which is sufficient under the Deed of Partnership to compel arbitration.[2] The question of whether these companies qualify as "parties" for purposes of the arbitration clause presents a substantial legal question that should be reviewed by the Ninth Circuit before this litigation proceeds further.

Courts recognize that whether a litigant has actually signed the agreement containing an arbitration clause is not dispositive, especially when there is a "close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract . . . and the claims [are] 'intimately founded in and intertwined with the underlying contract obligations.'" *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757-58 (11th Cir.1993), *cert. denied*, 513 U.S. 869, 115 S.Ct. 190, 130 L.Ed.2d 123 (1994)(quoting *McBro Planning & Dev. Co. v. Triangle Elec. Constr. Co.*, 741 F.2d 342, 344 (7th Cir.1984)); *accord J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320-21 (4th Cir.1988). Indeed, the Second Circuit compelled a non-signatory to arbitrate its alleged trademark claims in similar circumstances. *Deloit Noraudit A/S v. Deloitte Haskins & Sells*, *U.S.*, 9 F.3d 1060 (2nd Cir. 1993).

---

[2] "If agents could not invoke their principals' arbitration provisions, a party easily could 'avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties [as defendants] . . .,' thereby effectively nullifying the arbitration agreement. *Legacy Wireless Services, Inc. v. Human Capital, L.L.C.*, 314 F.Supp.2d 1045, 1054 (D. Or. 2004)(*quoting Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281 (6th Cir. 1990)). Such is the situation here.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY- 3
(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

From that case and others has emerged the theory of "direct benefits estoppel." "Equitable estoppel typically applies to third parties who benefit from an agreement made between two primary parties." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1179 (9th Cir. 2014). When a litigant (such as BNG LLP) asserts causes of action that arise from rights derived from the contract containing an arbitration clause, "direct benefits estoppel" will prevent it from avoiding the arbitration obligation in that contract. *American Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349, 353 (2nd Cir. 1999); *accord Legacy Wireless Services, Inc. v. Human Capital, L.L.C.*, 314 F.Supp.2d 1045, 1056 (D. Or. 2004) (recognizing that estoppel principles are applied more broadly when a non-signatory seeks to compel a signatory to arbitrate, but even non-signatories can be compelled to arbitrate when they claim a direct benefit). Here, Balkrishna is a signatory and both he and his company BNG LLP claim that they are entitled to benefits derived from the Deed of Partnership. *E.g.*, Dkt. No. 1, ¶¶ 51-52, 109-10, 126-27, 135, 148-49, 154-56, 159-61, 183, 186. SS LLP will present a substantial question as to whether it should be able to compel both plaintiffs to arbitrate the actual scope of their alleged Partnership rights in India before proceeding further here.

This is so even in light of the Ninth Circuit's recent decision in *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996 (2017). In that case, the Ninth Circuit considered the "signed by the parties" language of Article II(2) of the Convention on the Enforcement of Foreign Arbitral Awards (*see* 9 U.S.C. §201 *et seq*). The trial court compelled a seaman's widow to arbitrate wrongful death claims against his employer ("Majestic Blue"), but refused to compel her to arbitrate her claims against a related company ("Dongwon") that signed the agreement on behalf of Majestic Blue, but was not identified as a "party." The Ninth Circuit affirmed the trial court's decision, finding that because Dongwon did not sign as a "party," it could not enforce the agreement. *Yang*, 876 F.3d at 998.

The same is not true of SS LLP here. As discussed above, the Deed of Partnership defines the "parties" as the brothers Nagraj and Balkrishna Setty, along with their "heirs,

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY- 4
(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

executors, administrators and assign" respectively.  Dkt. No. 60-1, at 2.  Like the widow in *Yang* (who was not a signatory, but an heir) and Majestic Blue Fisheries (the employer in *Yang* who also was not a signatory but was able to compel arbitration), SS LLP is entitled to compel arbitration against both plaintiffs even if it did not sign, because it is a "party" for purposes of the Deed of Partnership.[3]

Moreover, unlike Dongwon, SS LLP moved to dismiss or stay, and refer the matter to arbitration (Dkt. No. 59), under both Chapter 1 of the FAA (i.e., 9 U.S.C. § 2), as well as Chapter 2 (i.e., the Convention).[4]  Dkt. No. 59.  Chapter 1 operates concurrently with Chapter 2, and "generally declares valid and enforceable written provisions for arbitration … in any contract evidence a transaction involving interstate or foreign commerce."  *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 338 (5th Cir. 2004) (*citing* 9 U.S.C. § 2).  "Foreign commerce" is broadly construed.  *Societe Generale de Surveillance, S.A. v. Raytheon Management and Systems Co.*, 643 F.2d 863, 867 (1st Cir. 1981).  Contracts "signed and to be performed in a foreign country" constitute "foreign commerce" for purposes of Chapter 1.  *Al-Slamah Arabian Agencies Co., Ltd. v. Reece*, 673 F. Supp. 748, 750 (M.D.N.C. 1987).

SS LLP believes that it will convince the Ninth Circuit that it does qualify as a "party" for purpose of the Deed of Partnership, especially in light of the Supreme Court's recent guidance in *Epic Systems*.  But SS LLP will also present substantial questions of whether and how courts should construe arbitral provisions involving foreign nationals, which questions should be decided before this case proceeds.

---

[3] Plaintiffs contend "federal common law" applies to interpreting the Deed of Partnership.  However, such federal common law would look to the laws of India to interpret the contract when it is made by Indian parties to form a partnership in India.  RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (1971) (stating that in the absence of a choice of law provision, the court should determine applicable law based on the local law of the state to which the contract is most connected – e.g., place of contracting, place of negotiation, residence of parties, etc.).  Under Indian law, any litigant claiming through a party to the arbitration agreement must arbitrate.  Dkt. No. 60-1, at 7.

[4] Because "contracts of employment of seamen" were excluded from the scope of the FAA pursuant to 9 U.S.C. § 1, Dongwon and Majestic Blue only sought to compel arbitration pursuant to the Convention.  *Yang*, 876 F.3d at 1002.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY- 5
(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

**B.     SS LLP WILL SUFFER IRREPARABLE INJURY.**

In 'the special context of [a] denied motion to compel arbitration, the second factor [i.e., irreparable injury to appellant] will generally be satisfied." *Murphy v. DirecTV, Inc.*, No. 2:07-cv-06465-FMC, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008).  The loss of a potential right to arbitrate is irreparable.  *E.g.*, *Rajagopalan*, 2012 WL 2115482, at *3; *Sample v. Brooksdale Senior Living Communities, Inc.*, 2012 WL 195175, *2 (W.D. Wash., January 23, 2012).

**C.     PLAINTIFFS WILL NOT BE HARMED.**

Plaintiffs claim "harm" because R. Expo's counter-claims against them (and their agent) will still be pending while the case is on appeal.  Dkt. No. 83, at 9.  But even R. Expo's counterclaims seek clarification of the Partnership's rights, and depend in part on the conclusion that the Partnership does not have certain rights.  *E.g.*, Dkt. No. 10, at 2 n. 1 & 2.  There is no prejudice to Plaintiffs in having this matter stayed while the Ninth Circuit determines whether the Partnership's rights should be determined by arbitration in India, or in this litigation.

Further, Plaintiffs have not demonstrated that any evidence is or will be lost.  Their conjecture otherwise is just that.  Finally, Plaintiffs claim that SS LLP will continue to "infringe" – but according to Plaintiffs' own complaint, the trademark rights belong to the Partnership, not plaintiffs.  Those partnership rights should be determined by arbitration in India.

**D.     THE PUBLIC INTEREST FAVORS A STAY.**

The public interest generally favors a stay in these situations.  *Rajagopalan*, 2012 WL 2115482, at *4-5.  This is especially so when the parties are mostly foreign nationals, and the dispute involves novel issues under the FAA and the Convention.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631, 105 S.Ct. 3346 (1985).

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY- 6
(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

Case 2:17-cv-01146-RAJ   Document 84   Filed 08/10/18   Page 7 of 8

1    DATED this 10th day of August, 2018.

2

3        By: *s/ Brian W. Esler*
         By: *s/ Vanessa L. Wheeler*

4        Brian W. Esler, WSB No. 22168
         Vanessa L. Wheeler, WSB No. 48205

5        Miller Nash Graham & Dunn LLP
         Pier 70, 2801 Alaskan Way, Suite 300

6        Seattle, WA 98121
         Tel: (206) 624-8300 / Fax: (206) 340-9599

7        E-mail: brian.esler@millernash.com
         E-mail: vanessa.wheeler@millernash.com

8                Attorneys for Defendant
                 Shrinivas Sugandhalaya LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |

2  I hereby certify that on August 10, 2018, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  following:

5      Brandon Stroy - bstroy@maynardcooper.com

6      C. Brandon Browning - bbrowning@maynardcooper.com

7      Mark David Foley, Jr. - mfoley@maynardcooper.com

8      Sasha G. Rao - srao@maynardcooper.com

9      Scott S. Brown - scottbrown@maynardcooper.com

10     Benjamin Hodges - ben.hodges@foster.com

11     Brian G. Bodine - bodineb@lanepowell.com

12

13     DATED this 10th day of August, 2018.

14

15
                             <u>*s/ Gillian Fadaie*                    </u>
16                           Gillian Fadaie, Legal Assistant

17

18  4821-9480-5359.3

CERTIFICATE OF SERVICE - 1
(Case No. 2:17-cv-01146-RAJ)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (206) 624-8300 | F: (206) 340-9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121