HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, individually and as general partner of Shrinivas Sugandhalaya Partnership with Nagraj Setty, and SHRIVINAS SUGANDHALAYA (BNG) LLP<br><br>Plaintiffs,<br><br>v.<br><br>SHRINIVAS SUGANDHALAYA LLP and R. EXPO (USA), INC.,<br><br>Defendants. | Case No. 2:17-cv-01146-RAJ<br><br>ORDER |

This matter comes before the Court on Defendant Shrinivas Sugandhalaya LLP's ("SS Mumbai") motions to stay this matter pending appeal and arbitration in India. Dkt. ## 79, 85. Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP ("SS Bangalore"), oppose the motions. Dkt. ## 83, 86. Defendant R. Expo (USA), Inc. ("R. Expo") does not oppose a stay of this matter. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Stay Pending Appeal (Dkt. # 79), and **DENIES** Defendant's Motion to Stay Pending Arbitration (Dkt. # 85).

## I. BACKGROUND

Plaintiffs filed this action on December 15, 2016, alleging that Defendants engaged in in unfair competition, false advertising, false designation of origin, and fraudulent trademark registration. Dkt. # 1. Defendant SS Mumbai then filed a motion to dismiss or stay this action, seeking to enforce the arbitration clause of a Partnership Deed signed by Plaintiff Balkrishna Setty and his brother, Nagraj Setty, the founder of Defendant SS Mumbai. Dkt. # 59. On June 21, 2018, the Court denied Defendant's Motion, because Defendant SS Mumbai was not a signatory or a third-party beneficiary to the Partnership Deed and because equitable estoppel did not apply. Dkt. # 72. The background of this case is set out in further detail in that Order and is incorporated here. *Id*.

Defendant SS Mumbai then filed two additional motions to stay. Dkt. # 79, 85. The first motion requests that the Court stay this action pending the outcome of Defendant's appeal of the Court's previous Order. Dkt. # 79. After the first motion was filed, the founder of Defendant SS Mumbai, Nagraj Setty, sent a letter to Plaintiff Balkrishna Setty invoking the arbitration clause in the Partnership Deed and commenced arbitration proceedings in Mumbai, India. Dkt. # 85 Ex. 2. Defendant then filed the second motion to stay. Dkt. # 85. The second motion requests that the Court stay this action until the arbitration proceedings in India have concluded. *Id*.

## II. LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be

granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. When considering a motion to stay, the district court weighs three factors: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

### III. DISCUSSION

The Court finds that there is good cause to grant a stay of these proceedings. At issue is whether this matter should be stayed pending the outcome of the Defendant's appeal of the Court's June 21, 2018 Order, or whether it should be stayed pending the outcome of the arbitration proceedings in India.

#### A. Stay Pending Appeal

Defendant argues that they will be irreparably harmed absent a stay because they will lose the benefit of the arbitration clause in the Partnership Deed if they are forced to continue litigating while their appeal is still pending. This argument is directly contradicted by Defendant and Mr. Nagraj Setty's actions. Mr. Nagraj Setty is currently attempting to invoke the arbitration clause of the Partnership Deed in India and Defendant offers no argument that this appeal has affected Mr. Setty's ability to do so. However, should the Ninth Circuit decide that this case should be in arbitration, continuing litigation in this forum will cause the parties to incur litigation-related costs that may later be found to be unnecessary. At this time, Defendant represents that the parties have not yet begun discovery, and that Mr. Nagraj Setty, as founder of Defendant SS Mumbai, would be forced to travel to the United States to participate in these

proceedings if a stay is not granted.  As such, continuing this litigation would cause Defendant to incur significant costs and hardship.

Plaintiffs argue that a prolonged stay of this matter would substantially injure them due to the difficulty of preserving evidence and because Defendant SS Mumbai's continued alleged infringement of Plaintiffs' intellectual property rights would cause irreparable harm to Plaintiffs' brand, goodwill, and business reputation.  The Court agrees that these are valid concerns and possible harms that could result from a stay, however, should it be decided that Plaintiff's claims are subject to arbitration, the hardship or inequity of forcing the parties to move forward outweigh these possible harms.  Plaintiffs also fail to demonstrate what evidence is in danger of being lost or how it will be lost beyond an implication that the passage of time would fade memories. Dkt. # 89 at 9.  Therefore, Defendant's Motion to Stay Pending Appeal is **GRANTED.** Dkt. # 79.

B. <u>Stay Pending Arbitration in India</u>

The Court must now consider whether this matter should be stayed until the resolution of arbitration proceedings in India.  Defendant argues that the arbitration in India will decide the same intellectual property issues that are the basis of this litigation. Dkt. # 85 at 2. Defendant bases this argument on Mr. Nagraj Setty's arbitration demand letter, which was written and sent by his local counsel in India.  However, it is unclear whether all of Mr. Nagraj Setty's claims are subject to arbitration or whether they will actually come before the arbitrator.  As noted in the Court's previous Order, the Partnership Deed did not assign intellectual property rights, and "the conduct alleged in the Complaint is not intertwined with the Partnership Deed such that the claims arise" out of that Deed.  Defendant does not provide support for their contention that the arbitration demand letter conclusively determines what claims can be arbitrated under the Partnership Deed, only that the arbitration demand letter formally begins the arbitration

process under Indian law. Plaintiffs also argue that they have not agreed to arbitrate these claims in India, therefore it is unclear whether those arbitration proceedings will move forward in the manner that Defendant contends. Therefore, Plaintiffs' argument that this matter should be stayed because the arbitrator and the Court would be ruling on the same issues simultaneously, is also unpersuasive.

Defendant argues that they would incur significant costs if this action is allowed to proceed while the arbitration in India is ongoing. The Court agrees that unnecessary litigation costs would be a significant hardship, especially if it is decided that these claims must go to arbitration on appeal. However, Mr. Nagraj Setty and Defendant created this new additional financial burden by initiating arbitration proceedings without waiting for the outcome of Defendant's appeal. These additional costs are self-inflicted and appear to be an attempt to force these proceedings into arbitration, despite the Court's previous Order.

Defendant also argues that Section 3 of the Federal Arbitration Act ("FAA") requires that the Court stay this action now that arbitration has begun in India. The FAA states that, "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action." 9 U.S.C. § 3. Contrary to Defendant's assertion, the allegation that separate arbitration proceedings will cover an issue involved in this litigation is not sufficient to require the Court to stay this matter. Section 3 requires that that a district court stay proceedings pending arbitration if it is satisfied that the parties have agreed in writing to arbitrate an issue underlying the district court proceeding. The Court has not found that this is necessarily the case here.

As it is unclear at this time how or even if, the arbitration proceedings in India will affect Plaintiffs' claims, granting a stay of this matter pending resolution of those proceedings would be overly prejudicial to Plaintiffs. While Defendant represents that Plaintiffs will be able to pursue their claims in those arbitration proceedings, taking into account all of the above, the Court will not grant a stay merely on the basis of that representation. Further, as the Court is already granting Defendant's motion to stay this matter pending their appeal and Defendant is currently attempting to litigate this matter in their chosen forum, a stay of this matter pending the outcome of the arbitration proceedings in India would cause prejudice and harm to Plaintiffs that far outweighs the possible prejudice and harm to Defendant. Defendant's Motion to Stay pending arbitration proceedings in India is **DENIED.** Dkt. # 85.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Stay Pending Appeal (Dkt. # 79), and **DENIES** Defendant's Motion to Stay Pending Arbitration (Dkt. # 85).

Dated this 15th day of November, 2018.

The Honorable Richard A. Jones
United States District Judge