UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BALKRISHNA SETTY, *et al.*,

                    Plaintiffs,

     v.

SHRINIVAS SUGANDHALAYA LLP, *et al.*,

                    Defendants.

Case No. C17-1146-MLP

ORDER

      This matter is before the Court on Defendant Shrinivas Sugandhalaya LLP's ("Defendant") Motion for Reconsideration ("Defendant's Motion"). (Def.'s Mot. (dkt. # 134).) Pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule ("LCR") 7(h), Defendant requests the Court reconsider its Order (dkt. # 133) granting Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP's ("Plaintiffs") motion to reopen this case. (Def.'s Mot. at 6.) At the Court's request, Plaintiffs filed a response to Defendant's Motion. (Pls.' Resp. (dkt. # 137); *see* dkt. # 136.)

      Under LCR 7(h)(1), motions for reconsideration are disfavored in this district. Such motions will ordinarily be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier

ORDER - 1

1   with reasonable diligence." LCR 7(h)(1). A motion for reconsideration "may *not* be used to raise

2   arguments or present evidence for the first time when they could reasonably have been raised

3   earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

4        The Order was filed on November 28, 2023. (Dkt. # 133.) Defendant filed its Motion on

5   December 12, 2023, contending reconsideration should be granted based on "new evidence

6   regarding [Defendant's] compliance with and the existence of the Global Settlement[.]"(Def.'s

7   Mot. at 6.) Defendant argues "[t]his evidence could not have previously been produced as it post-

8   dates the briefing before the Court." (*Id.*)

9        For the first time in this litigation, Defendant provides a copy of the Global Settlement,

10   which was signed by Defendant and Plaintiffs on December 15, 2022. (Ensler Decl. (dkt. # 135)

11   at ¶ 3, Ex. 1 (dkt. # 135-1).) Defendant's counsel states in a declaration that "[w]hen we filed our

12   previous opposition to the motion to reopen the case [on October 16, 2023], it was not clear that I

13   had permission to file the parties' Global Settlement with the Court[.]" (*Id.* at ¶ 2; *see* dkt.

14   # 130.)

15        "Matters that were not presented in the first instance by a well-represented party are not

16   considered on a motion for reconsideration." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp.

17   2d 1104, 1118 (W.D. Wash. 2010) (citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656,

18   665 (9th Cir. 1999)). The relevant point in time is when the Court filed its Order, not when the

19   parties completed briefing. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

20   F.3d 873, 881 (9th Cir. 2009). In *Marlyn*, the Ninth Circuit held that the district court did not

21   abuse its discretion in denying reconsideration sought by a party based on an email it had

22   received two days before the district court filed the order at issue. *Id.* The Court held that the

23

ORDER - 2

party "could have introduced [the evidence] before the district court made its decision, but did not." *Id.*

Here, Defendant had the signed Global Settlement for nearly a year prior to the Court's Order. That Defendant chose not to present it to the Court at any time prior to moving for reconsideration does not make it new evidence. The Court therefore declines to consider the newly filed Global Settlement. But even if the Court considered the Global Settlement, it does not present new evidence as its text hews closely to the parties' prior representations of it to the Court. (*Compare* Ensler Decl., Ex. 1 at 44 *with* dkt. # 125 at 2.) The Global Settlement provides the parties will dismiss this action after certain conditions precedent, including assignment of certain intellectual property.[1] (*Id.*) It is undisputed that the conditions precedent have not been met. (*See* Def.'s Mot. at 6-7; Pls.' Resp. at 3.) Accordingly, considering the Global Settlement would be unlikely to change the Court's decision. *See Aronson*, 738 F. Supp. 2d at 1120 ("In order for evidence to be considered 'new' for the purposes of Rule 60(b), it must be of such a character that it would likely change the outcome of the court's prior decision.").

The only other new evidence Defendant points to is two email exchanges between Plaintiffs and Defendant regarding meeting the conditions precedent related to intellectual property. (Def.'s Mot. at 6-7.) These exchanges contain emails dated between August 25, 2023, and December 1, 2023. (Ensler Decl. at ¶ 4, Exs. 2-3.) Only the most recent emails are dated after the Court's November 28, 2023 Order, and Defendant does not identify any pertinent new facts in those emails (or in any other emails). Even if the Court considered the emails, they

---

[1] Defendant also points to provisions that: (1) the "parties have agreed to ensure suspension/standstill" of the instant litigation; and (2) "non-performance of any term" shall be addressed in arbitration in India. (Def.'s Mot. at 4-5 (quoting Ensler Decl., Ex. 1 at 45, 47).) But Defendant expressly disclaims any accusation that Plaintiffs have breached the Global Settlement. (*Id.* at 7.) Based on its argument, Defendant would presumably bring any such accusation before a tribunal in India, not here.

ORDER - 3

1  would not change the Court's decision. The emails only show that the parties "collectively are

2  working diligently" to meet the conditions precedent for dismissing this action. (Def.'s Mot. at

3  7.) The emails do not demonstrate that the conditions precedent have been met and that this

4  action should be dismissed.

5       While the Court shares the parties' hope for this matter to amicably reach a final

6  resolution (*see* Def.'s Mot. at 7; Pls.' Resp. at 2, 6), at this juncture, Defendant has not met its

7  burden for reconsideration. Defendant's Motion does not show manifest error in the Court's prior

8  Order nor does it identify any new facts or legal authority that could not have been brought to the

9  Court's attention with reasonable diligence under LCR 7(h)(1). Accordingly, Defendant's

10  Motion (dkt. # 134) is DENIED.

11       Dated this 23rd day of January, 2024.

12

13  MICHELLE L. PETERSON
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

ORDER - 4