UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, *et al.*,<br><br>                   Plaintiffs,<br><br>    v.<br><br>SHRINIVAS SUGANDHALAYA LLP, *et al.*,<br><br>                   Defendants. | Case No. C17-1146-MLP<br><br>ORDER |

## I.    INTRODUCTION

This matter is before the Court on Defendant Shrinivas Sugandhalaya LLP's ("SS LLP") Motion to Supplement Answer ("SS LLP's Motion" (dkt. # 141)), Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP's ("SS BNG," and together with Mr. Setty, "Plaintiffs") Motion for Leave to File Amended Complaint ("Plaintiffs' Motion" (dkt. # 143)), and Defendant and Counter-Plaintiff R. Expo (USA), Ltd., Inc.'s ("R Expo") Motion to Enforce the U.S. Settlement Agreement ("R Expo's Motion" (dkt. # 145)).

SS LLP's Motion seeks to amend its answer and counterclaims to include an additional affirmative defense based on the parties' purported settlement. (Dkt. # 141 at 2.) Defendant R Expo stipulated to the entry of SS LLP's Motion (*id.* at 3) and no parties filed oppositions.

ORDER - 1

Plaintiffs' Motion requests leave to file an amended complaint alleging five new causes of action stemming from the same facts as Plaintiffs' original complaint. (Pls.' Mot. at 4.) Defendants R Expo and SS LLP filed responses to Plaintiffs' Motion (dkt. ## 148, 150), to which Plaintiffs filed separate replies (dkt. ## 152-53.) R Expo filed a surreply (dkt. # 155) wherein it moved to strike extraneous words from Plaintiffs' overlength reply and citations to out-of-circuit authority.

R Expo's Motion seeks enforcement of a purported settlement between it and Plaintiffs, and requests that the Court dismiss R Expo from this action. (R Expo's Mot. at 1-2.) Plaintiffs filed a response (dkt. # 156) and R Expo filed a reply (dkt. # 158).

Having considered the parties' submissions, the balance of the record, and the governing law, the Court GRANTS SS LLP's Motion (dkt. # 141), GRANTS Plaintiffs' Motion (dkt. # 143), DENIES R Expo's Motion (dkt. # 145), and DENIES R Expo's request to strike (dkt. # 155) as further explained below.

## II. BACKGROUND

Though this litigation is over seven years old, the background relevant to the parties' motions began in January 2023 when the parties filed a notice of settlement in principle and stipulated motion to stay proceedings pending negotiations. (Dkt. # 122.) Over the next several months, the Court granted additional extensions to the stay as the parties continued settlement negotiations. (*See* dkt. ## 123-26.) The parties disagree as to whether their negotiations reached an enforceable settlement agreement as to the instant action, but by September 2023, the parties had reached an impasse over Defendant SS LLP's purported failure to transfer certain intellectual property to Plaintiffs as a condition precedent to settlement. (Dkt. # 127.) As a result,

ORDER - 2

1  Plaintiffs moved to reopen the case (*id.*), which SS LLP and R Expo opposed (dkt. ## 129-30) on
2  the grounds that the settlement agreement was enforceable.

3        The Court granted Plaintiffs' motion to reopen the case on November 28, 2023, finding
4  insufficient evidence of an enforceable settlement agreement, and ordered the parties to submit a
5  joint status report ("JSR") by January 12, 2024.[1] (Dkt. # 133.) In the JSR, the parties proposed
6  deadlines for case management, including an April 26, 2024 "[d]eadline for amended pleadings"
7  proposed by Defendant SS LLP. (Dkt. # 138 at 2.) The Court adopted SS LLP's proposal in the
8  scheduling order, setting April 26, 2024, as the deadline for amended pleadings. (Dkt. # 140.)

9        Accordingly, Defendant SS LLP filed a motion to amend its answer on April 25, 2024.
10 (SS LLP's Mot.) The next day, Plaintiffs likewise moved for leave to file an amended complaint.
11 (Pls.' Mot.) SS LLP opposed Plaintiffs' attempt to amend its pleadings, despite: (1) having
12 proposed the Court's April 26 deadline for amended pleadings; and (2) having filed its own
13 motion for amended pleadings the day before Plaintiffs. (SS LLP's Mot.; Pls.' Mot.; dkt. # 150.)
14 R Expo also opposed Plaintiffs' Motion. (Dkt. # 148.)

15       On May 8, 2024, R Expo filed a motion to enforce the settlement agreement and to
16 dismiss R Expo from this action. (R Expo's Mot.) Plaintiffs opposed R Expo's Motion. (Dkt.
17 # 156.)

18               **III.**    **DISCUSSION**

19     **A.**    **Plaintiffs' Motion to File Amended Complaint**

20       Plaintiffs' Motion seeks leave to file an amended complaint that, *inter alia*, adds five new
21 causes of action. (Pls.' Mot. at 2.) After passage of the initial period to amend as a matter of
22 course, Federal Rule of Civil Procedure 15 requires leave of Court to file an amended complaint.
23

---

[1] The Court also denied SS LLP's motion for reconsideration of the order to reopen the case. (Dkt. # 139.)

ORDER - 3

1  Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.*; *see*
2  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (Leave to amend
3  under Rule 15 "is to be applied with extreme liberality.") (quotation omitted). Factors weighing
4  against leave to amend include undue delay, bad faith, failure to cure deficiencies in previous
5  amendments, undue prejudice to opposing parties, and futility of amendment. *Foman v. Davis*,
6  371 U.S. 178, 182 (1962).
7        Specifically, Plaintiffs' proposed amended complaint adds causes of action for
8  defamation, trade libel, violation of Washington Consumer Protection Act, civil conspiracy, and
9  unjust enrichment. (Pls.' Mot. at 4.) Plaintiffs further assert that these new causes of action "are
10 based on the same underlying facts and circumstances pleaded in the original Complaint." (*Id.*)
11 Indeed, neither R Expo nor SS LLP argue that Plaintiffs' proposed complaint adds claims based
12 on facts outside the scope of this litigation. (*See generally* dkt. ## 148, 150.) Despite its delayed
13 filing, Plaintiffs argue that no parties are prejudiced by amendments to the pleadings because the
14 case is still in relatively early stages of litigation—discovery closes on December 2, 2024, and
15 trial begins May 12, 2025. (Dkt. # 140; Pls.' Mot. at 5-6.) Though this matter was initially filed
16 almost eight years ago, Plaintiffs' Motion was filed less than five months after the Court ordered
17 this case to be reopened, and with plenty of time for the parties to finish discovery. (*See* dkt.
18 ## 133, 140.) Furthermore, Plaintiffs' Motion to amend was filed within the Court's April 26,
19 2024, deadline to amend pleadings, meaning Plaintiffs are entitled to the more deferential Rule
20 15 amendment standards and need not show "good faith" under Rule 16. (*Id.*)
21       R Expo asserts that Plaintiffs' Motion is untimely because it was filed after the Court's
22 prior deadline for amended pleadings set in the initial scheduling order dated November 11,
23 2021. (Dkt. # 148 at 2; *see* dkt. # 109.) Furthermore, R Expo argues that Plaintiffs' reliance on

ORDER - 4

Rule 15 is procedurally improper, and that Plaintiffs must instead show good faith under Rule 16 to amend the prior scheduling order. (Dkt. # 148 at 6-7.) This argument has no merit. The Court adopted a new scheduling order on January 23, 2024, with a new April 26, 2024, deadline for amended pleadings that necessarily superseded all prior deadlines. (Dkt. # 140.) Rule 15 governs because Plaintiffs' Motion was indisputably filed within the Court's new April 26 deadline—a Rule 16 motion to amend the scheduling order was not necessary. Counsel are advised to rely on deadlines from the Court's most current scheduling order, and not to represent prior scheduling order deadlines as if they are operative.

R Expo also filed a surreply wherein it moved to strike: (1) portions of Plaintiffs' collective replies that allegedly exceed Local Civil Rule ("LCR") 7(e)(4)'s word limit; and (2) Plaintiffs' citation to a Fifth Circuit case, *Halbert v. City of Sherman, Tex.*, 33 F.3d 526 (5th Cir. 1994). (Dkt. # 155.) Defendants R Expo and SS LLP filed two separate responses (dkt. ## 148, 150) to Plaintiffs' Motion, to which Plaintiffs filed two separate replies (dkt. ## 152-53). Both of Plaintiffs' replies were, individually, within the word limit provided by LCR 7(e)(4), but when added together, exceeded the word limit. (Dkt. # 155.) As a result, R Expo argues that the replies should be stricken to the extent they collectively exceed LCR 7(e)(4)'s word limit. (*Id.*) The Court declines to apply R Expo's interpretation of LCR 7(e)(4) and likewise declines to strike Plaintiffs' reply. Additionally, merely citing out-of-circuit authority is not a basis for a motion to strike—parties may cite, and courts may consider, out-of-circuit authority.[2] In any event, striking 636 words and a citation to out-of-circuit authority from one of Plaintiffs' replies

---

[2] Arguably, R Expo's surreply contains an improper attempt to offer extraneous argument regarding *Halbert* and Rule 16. (*See* dkt. # 155 at 2-3.) A surreply is "strictly limited" to a request to strike material in the reply. LCR 7(g)(2).

ORDER - 5

1  would not negate the merits of Plaintiffs' timely and nonprejudicial request to amend pleadings.
2  R Expo's request to strike is denied.
3        Finally, SS LLP argues that Plaintiffs' delay in amending its complaint is inexcusable
4  because the case has been pending for almost eight years. (Dkt. # 150.) While there has certainly
5  been a delay to Plaintiffs' amendment, the delay does not reflect bad faith or dilatory motives
6  attributable to Plaintiffs. Instead, this matter was left pending largely because SS LLP
7  unsuccessfully appealed an order to the Ninth Circuit and Supreme Court, a process that took at
8  least three years. *See Setty v. Shrinivas Sugandhalaya LLP*, 2018 WL 3064778, at *3 (W.D.
9  Wash. June 21, 2018), *aff'd*, 771 F. App'x 456 (9th Cir. 2019), *cert. granted, judgment vacated*,
10 141 S. Ct. 83 (2020), and *aff'd*, 3 F.4th 1166 (9th Cir. 2021). Subsequently, the parties again
11 stayed the action for almost another year while they engaged in settlement discussions, which
12 ultimately fell through after SS LLP purportedly failed to meet a condition precedent. (Dkt.
13 # 133.) Then, as noted in the JSR, SS LLP itself proposed the current deadline for amended
14 pleadings. (Dkt. # 138 at 2.) When SS LLP proposed this deadline, it should have anticipated that
15 other parties might also seek to amend their own pleadings. Instead, SS LLP asks to benefit from
16 the Court's deadline by filing an amended pleading while denying its party opponent the same
17 opportunity. Additionally, neither R Expo nor SS LLP has identified how they would suffer
18 undue prejudice if Plaintiffs' Motion was granted. The crux of SS LLP's argument—that it "is
19 prejudiced by any continuation of this action" (dkt. # 150 at 7)—is an improper attempt to
20 relitigate the Court's order to reopen this case, an argument that the Court now rejects for a third
21 time. (*See* dkt. ## 133, 139.) Having found no undue prejudice, bad faith, dilatory motives, prior
22 amendments, futility, or other grounds to deny Plaintiffs' request to amend its pleading, the
23 Court grants Plaintiffs' Motion.

ORDER - 6

B.  **SS LLP's Motion to Amend Answer**

Defendant SS LLP also seeks leave of court to file amended pleadings, this time to supplement its answer and counterclaims to include an additional affirmative defense based on the parties' purported settlement. (SS LLP's Mot.) No parties filed oppositions to SS LLP's Motion. As discussed above, SS LLP's motion to supplement its answer was timely filed before the Court's April 26 deadline to amend pleadings, and no party would be unduly prejudiced if SS LLP were to file an amended answer at this point in the litigation. Furthermore, given the Court's decision to grant Plaintiffs' Motion to file an amended complaint, SS LLP would have the opportunity to respond to the amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(3). Accordingly, SS LLP's Motion is granted.

C.  **R Expo's Motion to Enforce Settlement**

R Expo's Motion argues that R Expo should be dismissed from the action pursuant to the parties' purported settlement. (R Expo's Mot. at 8-9.) Under the settlement's terms, R Expo allegedly has no obligations to perform, and is therefore entitled to the settlement's benefit. (*Id.*) R Expo further argues that equitable and judicial estoppel mandate R Expo's dismissal because R Expo's reliance on the settlement agreement's performance imposed an unfair tactical disadvantage for not pursuing discovery while the case was stayed. (*Id.* at 9-10.)

As this Court has already ruled (*see* dkt. ## 133, 139), there is insufficient evidence in the record to find an enforceable settlement agreement between the parties. While parties may assert this defense at a later stage, the evidence currently before the Court shows that the settlement agreement was never perfected as to this litigation because certain conditions precedent were unmet. (*See* dkt. ## 125 at ¶¶ 2-8, 129 at 2, 130 at 2, 133 at 3, 139 at 3-4.) While R Expo may be

ORDER - 7

understandably frustrated with the parties' failure to perfect settlement, the Court cannot find an enforceable contract on these facts.

Nor are R Expo's circumstances the basis for estoppel. Contrary to R Expo's arguments, no party has asserted inconsistent positions to gain an unfair advantage. Instead, the parties engaged in good faith settlement negotiations, during which the parties agreed to stay litigation. (Dkt. # 122.) When the Court ordered the case to be reopened, it issued a new scheduling order with extended deadlines so that all parties had sufficient opportunities to develop their cases. (Dkt. # 140.) The end of discovery is December 2, 2024 (*see id.*), meaning all parties have ample time to propound and respond to discovery, and seek the Court's intervention if necessary. However, R Expo's declination to pursue discovery does not justify estoppel. R Expo's Motion is DENIED.

### IV.   CONCLUSION

(1) Plaintiffs' Motion (dkt. # 143) is GRANTED. Plaintiffs shall file their amended complaint in the form provided (dkt. # 144, Ex. A) by **June 28, 2024**. Parties shall file any required responses to Plaintiffs' amended complaint pursuant to Rule 15(a)(3) by **July 12, 2024**.

(2) SS LLP's Motion (dkt. # 141) is GRANTED. SS LLP shall file an amended answer by **July 12, 2024**.

(3) R Expo's Motion (dkt. # 145) is DENIED.

(4) R Expo's request to strike (dkt. # 155) is DENIED.

Dated this 28th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8