HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, individually and as general partner in Shrinivas Sugandhalaya Partnership with Nagraj Setty; and SHRINIVAS SUGANDHALAYA (BNG) LLP,<br><br>                    Plaintiffs,<br><br>   v.<br><br>SHRINIVAS SUGANDHALAYA LLP and R EXPO (USA) LTD. INC.,<br><br>                    Defendants.<br><br>R. EXPO (USA) LTD. INC.<br><br>        Counter-Plaintiff,<br><br>   v.<br><br>SHRINIVAS SUGANDHALAYA (BNG) LLP, BALKRISHNA SETTY, individually and as general partner in Shrinivas Sugandhalaya Partnership with Nagraj Setty; and DESIGNS BY DEE KAY, INC.,<br><br>        Counter-Defendants. | Case No. 2:17-cv-01146-MLP<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |

Balakrishna Setty, Shrinivas Sugandhalaya (BNG) LLP, Designs by Deekay, Inc. and R. Expo (USA) Ltd. Inc hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter. Counsel for Shrinivas Sugandhalaya LLP

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER - 1
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

is unable to sign this agreement for reasons indicated in the papers concerning the motion to withdraw as counsel.

A.      **General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      As provided in Local Civil Rule 26(f), the proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.  This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case.  The agreement does not supplant the parties' obligations to comply with Federal Rule of Civil Procedure 34.

B.      **ESI Disclosures**

Within 7 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.      <u>Custodians.</u> The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information (e.g., email, cloud and/or network drive, social media, mobile devices, messaging applications) under the custodian's control.

2.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER - 2
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B).

**C.  ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall within 14 days of the entry of this order confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriate search methodology.

    a.  Prior to running searches for purposes of producing documents:

        i.  The producing party shall disclose how it proposes locate ESI likely to contain responsive and discoverable information, including, the data sources (including custodians) to be searched, search terms and queries, any file type and date restrictions, and any other methodologies.

        ii.  After disclosure, the parties will engage in a meet and confer regarding additional terms sought by the non-producing party.

        iii.  The following provisions apply to search terms / queries of the requesting party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 3
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query. The producing party will provide unique hit counts for each search query to demonstrate overbroad results.

       b.      Within a reasonable time, after substantial completion of production, the receiving party may propose additional search terms. The parties will engage in a meet and confer regarding these additional search terms.

   3.    <u>Format.</u>

       a.      The producing party will produce both documents and accompanying load files for use with e-discovery software. Unless otherwise agreed, acceptable document formats include native files, and/or single page images. Accompanying load files will identify natural document breaks, contain metadata specified in Section C(6), and be accompanied by searchable text. Accompanying load files shall be produced regardless of the format in which documents are produced.

       b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheets, digital slide presentations, databases, and drawing files, will be produced in native format.

       c.      Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

       d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

       e.      The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 4
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process shall be tracked in a duplicate/other custodian field in the database load file.

5. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7. <u>Hard-Copy Documents.</u> The producing party shall scan and produce hard-copy documents in an electronic format. Copies will be accompanied by a cross-reference file that indicates document breaks, sets forth the custodian or custodian/location associated with each produced document. Copies will also be accompanied by searchable ASCII text files (or Unicode text format if the text is in a foreign language). Each file reflecting a copy of a document will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 5
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

**D.     Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Federal Rule of Civil Procedure 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.     The parties will supplement their disclosures in accordance with Federal Rule of Civil Procedure 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.     Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

  a.  Deleted, slack, fragmented, or other data only accessible by forensics.
  b.  Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
  c.  On-line access data such as temporary internet files, history, cache, cookies, and the like.
  d.  Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).
  e.  Back-up data that are duplicative of data that are more accessible elsewhere.
  f.  Server, system or network logs.
  g.  Data remaining from systems no longer in use that is unintelligible on the systems in use.
  h.  Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.     Privilege**

1.     A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 6
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days after delivering a production, unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Pursuant to Federal Rule of Evidence 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: September 20, 2024

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 7
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

|   |   |
|---|---|
| 1 | |
| 2 | LANE POWELL PC |
| 3 | |
| 4 | By:   *s/Devon McCurdy* |
| 5 | Paul D. Swanson, WSBA No. 13656 |
|   | Tiffany Connors, WSBA No. 41740 |
| 6 | Devon J. McCurdy, WSBA No. 52663 |
|   | Dailey Koga, WSBA No. 58683 |
| 7 | 1420 Fifth Avenue, Suite 4200 |
|   | P.O. Box 91302 |
| 8 | Seattle, Washington 98111-9402 |
|   | Telephone:  (206) 223-7000 |
| 9 | swansonp@lanepowell.com |
| 10 | connorst@lanepowell.com |
|   | mccurdyd@lanepowell.com |
| 11 | kogad@lanepowell.com |
| 12 | *Attorneys for R Expo (USA) Ltd., Inc., Defendant and Counter-Plaintiff* |
| 13 | FOSTER GARVEY PC |
| 14 | |
| 15 | |
| 16 | By:   *s/Benjamin J. Hodges* |
|   | Benjamin J. Hodges, WSBA No. 49301 |
| 17 | 1111 Third Avenue, Suite 3000 |
|   | Seattle, Washington 98101 |
| 18 | Telephone:  (206) 447-4400 |
|   | BenHodges@foster.com |
| 19 | |
|   | MIXON BROWN LLC |
| 20 | |
| 21 | |
| 22 | By:   *s/Scott S. Brown* |
|   | Scott S. Brown*, admitted pro hac vice* |
| 23 | 44 Inverness Center Parkway, Suite 140 |
|   | Birmingham, AL 35242 |
| 24 | Telephone: (205) 259-6633 |
|   | sbrown@mixonfirm.com |
| 25 | *Attorneys for Plaintiffs and Counter-Deendants Ballkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP and Counter-Defendants Designs by Dee Kay, Inc.* |
| 26 | |
| 27 | |

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 8
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this 25th day of September, 2024.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 9
CASE NO. 2:17-cv-01146-MLP
130569.0001/9885898.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107