UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHRINIVAS SUGANDHALAYA LLP, *et al.*, <br><br> Defendants. | Case No. C17-1146-MLP <br><br> ORDER |

I.   INTRODUCTION

There are currently two ripe motions pending before the Court in this matter. First, on July 26, 2024, Plaintiffs and Counter-Defendants Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP (together, "Plaintiffs") and Counter-Defendant Designs by Dee Kay, Inc. (together with Plaintiffs, "Counter-Defendants") filed a motion to strike Defendant R Expo (USA) Ltd., Inc.'s ("R Expo") amended counterclaims. (Mot. to Strike (dkt. # 168).) R Expo filed a response and Counter-Defendants filed a reply. (Dkt. ## 170-71.) Defendant Shrinivas Sugandhalaya LLP ("SS LLP") did not file any briefing on the Motion to Strike. The Court held oral argument on September 10, 2024. (Dkt. # 174.)

ORDER - 1

Second, on August 30, 2024, Miller Nash LLP ("Miller Nash"), counsel for SS LLP, filed a motion to withdraw as counsel. (Mot. to Withdraw (dkt. # 173).) All other parties in the case—Counter-Defendants and R Expo—filed a response. (Resp. (dkt. # 175).) Counter-Defendants and R Expo do not oppose Miller Nash's Motion, but request that: (1) SS LLP be given 21 days to retain new counsel; and (2) all pending case deadlines be extended by six months, with status conferences set every three months. (*Id.* at 7.) Miller Nash filed a reply in agreement with these requests. (Reply (dkt. # 179) at 2.) SS LLP did not file any response and no new counsel has made an appearance on its behalf.

On October 4, 2024, Counter-Defendants filed a status report wherein they and R Expo requested appointment of a settlement judge. (Dkt. # 186.) Counter-Defendants stated that, "[w]ere the Court to modify the scheduling order as suggested . . . , Counter-Defendants would agree to withdraw their Motion to Strike and respond to the Amended Counterclaim in a timeframe set by the Court." (*Id.* at 2.) On October 8, 2024, the Honorable Theresa L. Fricke was appointed as settlement judge. (*See* dkt.)

## II.  DISCUSSION

### A.  Motion to Withdraw

"No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court," if withdrawal would leave the party unrepresented. Local Civil Rule ("LCR") 83.2(b)(1). In deciding on a motion to withdraw as counsel, the Court retains wide discretion to grant or deny the motion. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) ("The district court's denial of counsel's motion to withdraw is reviewed for an abuse of discretion.") "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might

cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Rogers v. Howard*, 2022 WL 670922, at *1 (W.D. Wash. Mar. 7, 2022).

The Court finds that there is sufficient cause to grant the Motion to Withdraw. Miller Nash indicates it seeks to withdraw because SS LLP has not complied with the terms of their engagement and "professional considerations" require withdrawal. (Mot. to Withdraw at 2, 4.) This reason weighs in favor of granting withdrawal. *Cf. Barton v. Rian Grp. Inc.*, 2023 WL 5609210, at *2 (W.D. Wash. Aug. 30, 2023) (withdrawal warranted by party's "failure to communicate with counsel or pay their outstanding bills"). Any harm to other litigants and the administration of justice may be remedied by providing the extension of deadlines that those litigants seek. (*See* Resp. at 7.) Finally, while withdrawal will cause delay, such delay is justified by the unusual circumstances found here. Counter-Defendants and R Expo indicate they require discovery from SS LLP that will be more difficult without counsel. (*Id.* at 3, 5-6.) Miller Nash indicates SS LLP is actively pursuing related litigation in India that may directly affect this litigation. (Dkt. ## 179 at 2 ("SS LLP seeks to have the Indian court order plaintiffs to withdraw this litigation."), 180 at ¶ 3.) Additional time will also assist the parties who are actively pursuing settlement. (*See* dkt. # 186.)

The factors noted in *Rogers* weigh in favor of permitting withdrawal. 2022 WL 670922, at *1. Accordingly, the Court grants Miller Nash's Motion to Withdraw.

B.   **Case Schedules**

SS LLP is "[a] business entity [that] must be represented by counsel." LCR 83.2(b)(4). Miller Nash represents that it has, as required, "advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal

ORDER - 3

of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4); *see* dkt. # 180 at ¶ 2.

The Court agrees with Counter-Defendants, R Expo, and Miller Nash that SS LLP should be given a timeframe in which it must identify new counsel before its claims and defenses are impacted. Consequently, SS LLP must identify new counsel, who must enter a notice of appearance within 21 days.

The Court finds good cause to extend other pending deadlines in this action. In addition to the time required for SS LLP to find new counsel, new counsel will need time to get up to speed on this case. If new counsel is not found, the remaining parties' efforts at discovery may be delayed. Accordingly, the Court grants a six-month extension on all pending case deadlines. The Court will also set status conferences at three month intervals.

### C. Motion to Strike

Counter-Defendants have agreed to withdraw their Motion to Strike if the Court grants their request for a six-month extension. (Dkt. # 186 at 2.) Accordingly, the Court strikes the Motion.

### III. CONCLUSION

For the foregoing reasons, the Court hereby orders:

(1) Miller Nash LLP's Motion to Withdraw (dkt. # 173) is GRANTED. SS LLP is ORDERED to identify new counsel who must file a notice of appearance within **twenty-one (21) days** of the date this Order is signed.

(2) All pending case deadlines are hereby extended by six months. A new Scheduling Order will be issued.

(3) A status hearing is set for **January 8, 2025, at 1:30 p.m**. in Courtroom 12A.

ORDER - 4

(4)   Counter-Defendants' Motion to Strike (dkt. # 168) is STRICKEN.

Dated this 9th day of October, 2024.

                                              _____
                                              MICHELLE L. PETERSON
                                              United States Magistrate Judge

ORDER - 5