UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHRINIVAS SUGANDHALAYA LLP, *et al.*, <br><br> Defendants. | Case No. C17-1146-MLP <br><br> ORDER |

I.    INTRODUCTION AND BACKGROUND

On March 12, 2025, the Court granted Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP's (together, "Plaintiffs") Motion to Compel against Defendant Shrinivas Sugandhalaya LLP ("Defendant") (dkt. # 199). (Mar. 12 Order (dkt. # 223).) The March 12 Order details the extensive efforts undertaken to obtain Defendant's compliance with its discovery obligations, including holding four status hearings up to that point. (*Id.* at 1-2.)

At the third status hearing on February 26, 2025, the Court ordered Defendant to take specific actions by the next hearing. These actions included producing specified documents, conducting agreed-upon searches and detailing the search methodology, and filing a declaration from an appropriate corporate officer explaining why the email server Defendant used from 2014

ORDER - 1

to 2019 was inaccessible. (Feb. 26 Order (dkt. # 219); *see also* Mar. 12 Order at 2.) At the fourth status hearing on March 11, 2025, the Court found Defendant had not complied with the February 26 Order. (Mar. 12 Order at 3.) The Court issued a warning that failure to produce the required documents before the next scheduled hearing on March 26, 2025, would result in a finding of contempt against Defendant for violating the Feb. 26 Order and the Mar. 12 Order. (*Id.*) Additionally, the Court indicated it would impose sanctions of $250.00 per day beginning March 27, 2025. (*Id.*) On March 26, 2025, the Court held a fifth status hearing. (*See* dkt. # 231.)

## II.    DISCUSSION

### A.    Legal Standards

Unlike punitive criminal sanctions, civil contempt sanctions are purely remedial. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Therefore, civil sanctions may be imposed for only two purposes: (1) to coerce compliance with a court order, or (2) to compensate the party pursuing the contempt action for injuries sustained due to non-compliance. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).

Coercive civil sanctions are intended to deter and "generally take the form of conditional fines." *Shell Offshore Inc.*, 815 F.3d at 629; *see also id.* at 630 (recognizing coercive "per diem" fines). Such sanctions "only operate if and when the person found in contempt violates the order in the future." *Whittaker Corp.*, 953 F.2d at 517. Accordingly, "sanctions imposed in civil contempt proceedings must always give to the alleged contemnor the opportunity to bring himself into compliance[.]" *Id.* at 518; *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) ("Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge."). A court may only impose coercive sanctions to

ORDER - 2

enforce compliance if the individual has the capacity to comply with the court's order. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 781 (9th Cir. 1983).

The Supreme Court has identified two acceptable types of fines for civil contempt: (1) per diem fines imposed each day a contemnor fails to comply with an affirmative court order, and (2) fixed fines that are suspended pending future compliance with a court order. *Bagwell*, 512 U.S. at 829-30 (citing *United Mine Workers of Am.*, 330 U.S. at 303-04); *see United Mine Workers of Am.*, 330 U.S. at 303-04 (suspending a civil contempt fine for 30 days to provide the contemnor an opportunity to fully comply with the temporary restraining order).

**B.     Analysis**

Since the March 12 Order, which warned of potential sanctions, Defendant has made progress in meeting its discovery obligations. Specifically, Defendant has produced financial information responsive to Plaintiffs' Request for Production ("RFP") No. 22. (*See* Feb. 26 Order at 2; Mar. 12 Order at 2-3.) Defendant has also filed a declaration from its in-house counsel, Usha Ravi Bellara, explaining the unavailability of the email server it used between 2014 to 2019. (*See* Bellara Decl. (dkt. # 225) at ¶¶ 5-6.)

Defendant has not, however, fully complied with the February 26 Order or the March 12 Order. (*See* dkt. # 231.) While Defendant has searched email records for some custodians (Bellara Decl. at ¶¶ 14-15), it is unclear whether all agreed-upon custodians' email messages have been searched, and Defendant has yet to produce any of these emails. (*See* dkt. # 231.) Moreover, searches of the individual custodians' laptops or other devices have yet to be conducted. (*Id.*) Accordingly, the Court holds Defendant in civil contempt for failure to comply with the Court's Orders.

ORDER - 3

When determining the amount of a fine to be imposed to secure future compliance, courts must consider the defendant's financial resources and the consequent seriousness of the fine to that defendant. *Coleman v. Newsom*, 2025 WL 851077, at *11 (9th Cir. Mar. 19, 2025) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947)). A court should set a fine based on "the probable effectiveness in bringing about the result desired." *Whittaker Corp.*, 953 F.2d at 516 (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947)). "Generally, the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp.*, 953 F.2d at 517.

Although the Court has limited information about Defendant's financial status, its in-house counsel has indicated Defendant is currently experiencing financial difficulties. (*See* Bellara Decl. at ¶¶ 17-18.) Given this information, the Court concludes that a fine of $250.00 per day, imposed for each day the discovery obligations remain unmet, is appropriate. While the fine for a single day is relatively modest, over time the cumulative fine is expected to goad Defendant to fulfill its discovery obligations.

Accordingly, the Court imposes sanctions of $250.00 per day for each day the discovery remains outstanding, beginning March 28, 2025. The Court will defer sanctions if Defendant shows it is in substantial compliance with its discovery obligations.

### III.   CONCLUSION

For the reasons previously stated on the record by the Court during the March 26, 2025 hearing, the Court provides the following summary of its rulings:

(1) Defendant is ORDERED to respond to RFP Nos. 6, 24, and 38 in their entirety and supplement its response to RFP No. 21. Specifically, Defendant must run the agreed searches on all agreed custodians' laptops and other devices. These

searches should encompass email messages, email attachments, and non-email documents. Responsive documents must be produced to Plaintiffs.

(2) For each day that the above discovery remains outstanding, beginning March 27, 2025, the Court imposes a fine of $250.00. At the April 10, 2025 hearing, the fine accumulated up to that point will be deferred if Defendant shows it is in substantial compliance.

(3) The Court hereby extends the deadline for expert reports to May 12, 2025, and the deadline for rebuttal expert disclosures to May 27, 2025.

Dated this 28th day of March, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5