UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALKRISHNA SETTY, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>SHRINIVAS SUGANDHALAYA LLP, *et al.*,<br><br>            Defendants. | Case No. C17-1146-MLP<br><br>ORDER |

## I.   INTRODUCTION

This matter is before the Court on Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP's (together, "Plaintiffs") Second Fee Petition. (Pet. (dkt. # 227).) Plaintiffs request fees in relation to their motion to compel (Mot. (dkt. # 199)). Defendant Shrinivas Sugandhalaya LLP ("Defendant") submitted a response in opposition (Resp. (dkt. # 233)), and Plaintiffs filed a reply in support of their Petition. (Reply (dkt. # 234).) The Court heard oral argument on the matter on April 10, 2025. (Dkt. # 235.) Having considered the parties' briefing, oral argument, the governing law, and the balance of the record, the Court GRANTS in part and DENIES in part Plaintiffs' Petition (dkt. # 227).

ORDER - 1

## II. DISCUSSION

### A. Legal Standards

When a motion to compel under Rule 37 is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This award is mandatory unless the court finds that the opposing party's position was substantially justified or that other circumstances make an award of expenses unjust. *Id.*

To determine whether a request for attorneys' fees is reasonable, the court performs a two-step analysis. First, the court performs a lodestar analysis, which "multiplies an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1020 (9th Cir. 2022). Second, the court considers whether to adjust the lodestar figure upward or downward based on factors not subsumed in the lodestar calculation. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). As neither party here has provided justification for modifying the lodestar figure, this Court need not reach the second step. *See Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1182 (N.D. Cal. 2004).

A reasonable hourly rate is the prevailing market rate in the community for similar services by a lawyer of reasonably comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019). The relevant community is generally "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The court must exclude

from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). There is a "strong presumption" that the lodestar figure represents a reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

### B.  Plaintiffs' Petition

Plaintiffs request an award totaling $41,914.00, supported by billing records. (Pet. at 2.) They seek fees for 74.1 hours of work by Foster Garvey PC partner Benjamin J. Hodges, at rates of $640.00 per hour in 2024 and $695.00 per hour in 2025, and associate Yeli Zhou, at rates of $425.00 per hour in 2024 and $470.00 per hour in 2025. (Hodges Decl. (dkt. # 228) at ¶¶ 2, 4, Ex. 1.) In addition, Plaintiffs request fees for 11.6 hours of work by Mixon Brown, LLC, partner Scott S. Brown at $400.00 per hour in 2024 and $360.00 per hour in 2025. (Scott Decl. (dkt. # 229) at ¶¶ 2-3, Ex. 1.)

### C.  Defendant's Objections

Defendant asserts the motion was partially unnecessary and that the rates and hours billed are unreasonably high. (Resp.) Defendant proposes reducing the fee award to 15.0 hours at a rate of $350.00 per hour, for a total award of $5,250.00. (*Id.* at 5.)

Plaintiffs' Motion to Compel addressed five requests for production ("RFP"). (Mot.) Defendant argues the fee award should be reduced because it had already partially complied with its discovery obligations concerning one of the five, RFP No. 38, and a third party had produced some relevant documents. (*See* Resp. at 3; Bellara Decl. (dkt. # 225) at ¶ 22.) Defendant's argument is unpersuasive. The Motion was necessary due to Defendant's incomplete compliance with its discovery obligations, which cannot be supplanted by third-party actions. Defendant fails to identify any billed hours that were unwarranted.

ORDER - 3

Defendant further argues that the Motion was "grotesquely overbilled," noting that Plaintiffs "complain about how little has been produced, yet . . . bill[ed] over 85 hours[.]" (Resp. at 4.) This argument overlooks that the *lack* of production necessitated the Motion. Defendant suggests 15 hours is more appropriate, referencing other cases where courts awarded fees for between 12 and 25 hours on discovery motions. (*Id.* at 4.)

In one cited case, the Court granted attorneys' fees for 24.7 hours. *Dermer v. SaltWorks, Inc.*, 2024 WL 895128, at *2 (W.D. Wash. Mar. 1, 2024). In that case, the motion to compel was filed January 25, 2024, and granted the same day it was noted for consideration, February 9, 2024. *Dermer*, Case No. C23-443-JCC (W.D. Wash.), dkt. ## 30, 39. Here, however, Plaintiffs' Motion was filed on December 10, 2024, and after four hearings on the matter, it was granted on March 12, 2025. (*See* Mot., dkt. ## 211, 217, 218, 222, 223.) The scenario in *Dermer* is not comparable. In a more comparable case in this Court, fees were awarded for 55.1 hours on a motion to compel where the non-moving party "repeatedly and over a lengthy period of time failed to comply with discovery deadlines." *Top Notch Sols., Inc. v. Crouse & Assocs. Ins. Brokers, Inc.*, 2019 WL 3413201, at *3-4 (W.D. Wash. July 29, 2019).

Finally, Defendant contends Plaintiffs have not established that their hourly rates are reasonable. (Resp. at 4-5.) Defendant's only specific challenge is that Ms. Zhou is based in New York, which "infamously has higher rates than most of the country," though Defendant provides no supporting evidence. (*Id.* at 5.) Defendant also contends the "only available evidence" of appropriate hourly rates is a recent case before the Court where fees were awarded at the rate of $300.00 per hour. (Resp. at 4-5 (citing *Dermer*, 2024 WL 895128).)

In *Dermer*, the Court reduced the rate for a third-year associate, with no prior experience in the relevant area of law, from $350.00 to $300.00 per hour. The Court found that "[a] $350

ORDER - 4

hourly rate would be more appropriate for someone with significantly more experience in this legal area." *Dermer*, 2024 WL 895128 at *2. Here, Mr. Hodges is a partner and has 16 years' experience as an attorney, Mr. Brown is a partner with 25 years' experience, and Ms. Zhou has approximately five to six years' experience. (*See* Hodges Decl. at ¶¶ 1, 3, 4; Brown Decl. at ¶ 1.) All of them have significantly more experience than a third-year associate. The Court concludes that the rate reduction imposed in *Dermer* is not appropriate here.

### D.     Lodestar Analysis

The Court must determine reasonable hourly rates as well as a reasonable number of hours, deducting any that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The Court first addresses reasonable hourly rates. Mr. Hodges submitted a declaration stating that based on his firm's analysis of hourly rates in the "relevant markets," both his and Ms. Zhou's rates are "below the midpoint for comparable attorneys and rates." (Hodges Decl. at ¶ 4.) Mr. Hodges does not specify whether these markets are Seattle, New York, or both, though he is located in Washington and Ms. Zhou is based in the firm's New York office and a member of the New York bar. (*Id.* at ¶¶ 1, 3.)

While attorneys' affidavits regarding prevailing market fees are acceptable evidence, they do not conclusively establish a reasonable market rate. *Camacho*, 523 F.3d at 980. Here, Mr. Hodges' declaration lacks specificity regarding the applicable market. Consequently, the declaration is of minimal assistance in determining reasonable hourly rates in Seattle.[1]

---

[1] The Court rejects Plaintiffs' argument that it previously approved Mr. Hodges' hourly rate in granting Plaintiffs' first fee petition. (*See* Reply at 4.) In that petition, Plaintiffs sought reimbursement for one hour billed at $695.00, however, Plaintiffs voluntarily reduced their request to a total of $500.00. (*See* dkt. # 209.) Defendant did not oppose the total amount requested. (*See* dkt. # 211.) The Court found this adjusted total amount reasonable, without approving the full hourly rate, which Plaintiffs had not actually pursued. (Dkt. # 212.)

Rate determinations in other cases provide satisfactory evidence of prevailing market rates. *Camacho*, 523 F.3d at 980. In two matters decided within the last year, the Court found $350.00 per hour appropriate for attorneys in the Seattle area with six to seven years of experience. *See Dermer*, 2024 WL 895128; *Gonzalez v. MultiCare Health System*, Case No. C23-6053-TMC (W.D. Wash.), dkt. ## 15-1 at ¶ 10, 18 at 3; *but cf. Perez v. Allstate Fire & Cas. Ins. Co.*, 2024 WL 776028, at *2 (W.D. Wash. Feb. 26, 2024) ("The hourly rates requested by Allstate of $545 for an attorney of fifteen years' experience, and $400 for an attorney of six years' experience are reasonable."). In *Dermer*, the Court accepted a partner's billing rate of $450.00 per hour. *See Dermer*, dkt. ## 40 at 2, 44; *see also Gochev v. First Am. Prop. & Cas. Ins. Co.*, 2024 WL 216531, at *12 (W.D. Wash. Jan. 19, 2024) (finding $450 hourly rate for attorney with 30 years of experience an appropriate market rate in Seattle). Accordingly, the Court finds $350.00 per hour reasonable for Ms. Zhou and $450.00 per hour reasonable for Mr. Hodges.

With regard to Mr. Brown, the Court finds that staffing a relatively straightforward motion to compel with three attorneys was excessive. Overstaffing is illustrated by how many of Mr. Brown's billed hours involve communicating with co-counsel. (*See* Brown Decl., Ex. 1 at 4-6 ("Communicating with B. Hodges"; "conference with B. Hodges"; "Reviewing email from Y. Zhou").) Consequently, Mr. Brown's hours will be excluded from the fee award.

By the Court's calculation, Ms. Zhou itemized 50.3 hours and Mr. Hodges 23.8 hours. (Hodges Decl., Ex. 1.) A total of 74.1 hours remains excessive, however. *Cf. Top Notch Sols., Inc.*, 2019 WL 3413201, at *3-4 (awarding 55.1 hours for motion to compel with lengthy procedural history).

Notably, one block-billed entry for 10.2 hours indicates Ms. Zhou researched and drafted a spoliation argument for Plaintiffs' reply in support of their Motion. (Hodges Decl., Ex. 1 at 4 ("legal research regarding discovery's document preservation and collection standard and case law in terms of destruction of evidence").) The Court awards fees incurred for bringing the motion to compel, not an extraneous spoliation argument. Moreover, the same block-billed entry includes researching the Court's Local Civil Rules ("LCR"). (*See id.*) All counsel appearing in this Court are required to be familiar with the LCR. Out of state counsel may not, however, charge a client for meeting this obligation. Consequently, the 10.2 hours should be excluded. Ms. Zhou's remaining hours total 40.1.

Mr. Hodges itemized 2.8 hours on March 10, 2025, for reviewing production and preparing for a hearing, and itemized 4.1 hours on March 11, 2025, for the same tasks. (Hodges Decl., Ex. 1 at 5.) These hours are duplicative and half—3.45 hours—will be deducted. Mr. Hodges' remaining hours total 20.35.

The Court also finds that several entries appear to include matters unrelated to discovery or tasks that Plaintiffs' counsel would have needed to perform even if Defendant had timely complied with discovery requests, such as analyzing search terms. (*See* Hodges Decl., Ex. 1 at 4-5 ("review and revise draft settlement agreement"; "correspondence with paralegal and vendor regarding document production and logistics"; "Review and analysis of proposed search terms; correspondence with opposing counsel regarding the same").) The Court notes that the block billing by Plaintiffs' counsel makes it difficult to determine what portion of the hours billed are attributable to these tasks. Given the difficulty of parsing out block billing entries, and mindful that the Ninth Circuit permits a district court to impose up to a 10% "haircut" on attorneys' fees without explanation, the Court deems a further 10% reduction in fees appropriate. *See Moreno*,

ORDER - 7

534 F.3d at 1112 ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

With this reduction, Ms. Zhou's hours total 36.1 and Mr. Hodges' hours total 18.3. At the reasonable rates discussed above, the total attorneys' fees awarded are $20,870.00.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Petition (dkt. # 227) is GRANTED in part and DENIED in part. Defendant Shrinivas Sugandhalaya LLP is ORDERED to pay Plaintiffs $20,870.00 in attorneys' fees within **thirty (30) days** of this Order.

Dated this 16th day of April, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge